**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MORTON GROVE PHARMACEUTICALS, INC. )<br><br>Plaintiff, )<br><br>v. )<br><br>THE NATIONAL PEDICULOSIS ASSOCIATION, INC., )<br><br>Defendant. ) | No: 08-CV-1384<br><br>Judge Bucklo<br>Magistrate Judge Mason |

**MORTON GROVE PHARMACEUTICALS, INC.'S
MOTION TO CONTINUE DISCOVERY FROM PREVIOUS CASE
AND ENTER PROTECTIVE ORDER**

Morton Grove Pharmaceuticals, Inc. ("Morton Grove"), by its attorneys, Winston & Strawn LLP, submits this motion to request that discovery from a related case be continued to the instant case. In support of its motion, Morton Grove states as follows:

1. This case is the re-filing of a case previously before this Court, *Morton Grove Pharmaceuticals, Inc. v. Ecology Center, Inc. et al.*, No. 06-CV-3815 (the "Prior Action"). The Prior Action was filed by Morton Grove against the Ecology Center, Inc. ("Ecology Center") and the National Pediculosis Association ("NPA") for defamation, trade disparagement, violation of the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), and violation of the Lanham Act.

2. On November 30, 2007, the Court severed the NPA from the Prior Action, noting the similarity of defendants' actions but finding that they were separate occurrences. (Nov. 30, 2007 Mem. Op. & Order).

3.  The Prior Action was recently resolved when Morton Grove and the Ecology Center entered into a settlement agreement.  Pursuant to that agreement, the Ecology Center issued a retraction of seven allegedly false and misleading statements.  As a part of that agreement, Morton Grove and the Ecology Center filed a joint stipulation of dismissal of the Prior Action on March 10, 2008.

4.  This action is a refiling of the Prior Action vis-à-vis the NPA.  In this action, Morton Grove is pursing claims for trade disparagement, violation of the UDTPA, and violation of the Lanham Act.  As compared to the Prior Action, Morton Grove has refined the statements it is claiming are false, misleading, and deceptive, and it has streamlined its Complaint by removing the defamation count and the claim for money damages, instead seeking only injunctive relief and corrective advertising, in the hope of accelerating a trial on the merits.

5.  In the Prior Action, Morton Grove and the NPA (1) participated in a Rule 26(f) conference, (2) filed a joint report of the planning meeting (attached as Exhibit A), (3) exchanged 8 sets of interrogatories and document requests, and (4) collectively produced roughly 137,000 pages of documents.  Document production in the Prior Action was nearly complete when the Court severed the NPA from the Prior Action, and, in fact, continued after that date in anticipation of the filing of this action.  This discovery is highly relevant and fully applicable in the instant, almost identical case.

6.  As such, Morton Grove respectfully requests that the Court enter an Order, in the form attached as Exhibit B, treating all discovery issued and all responses thereto in the Prior Action as taken in this action.

7. In addition, given the current posture of this action, Morton respectfully requests that the Court waive the requirements of Federal Rules of Civil Procedure 26(f) and 16, so that the parties may promptly begin deposition discovery.

8. Further, Morton Grove respectfully requests that the Court enter the following case management schedule:

> Close of Fact Discovery:    June 11, 2008
> Close of Expert Discovery:  October 1, 2008
> Trial Date:                 December 2008[1]

With respect to the close of fact discovery, this schedule modifies the schedule in the Prior Action by 60 days to account for the lapse in time between the Court's order severing the NPA and the re-filing of this action.

9. Finally, Morton Grove respectfully requests that the Court enter the Protective Order attached as Exhibit C. This Protective Order is essentially identical to the Protective Order entered in the Prior Action, save for the addition of Paragraph 13, which indicates that documents marked "Confidential" under the Protective Order in the Prior Action are to be considered confidential in this action.

WHEREFORE, Morton Grove respectfully requests that this Court enter the Proposed Order attached as Exhibit B and the Protective Order attached as Exhibit C (both of which were separately emailed to the Court).

---

[1] Morton Grove anticipates that the trial of this action will last one week.

Dated:  March 21, 2008                Respectfully Submitted,

                                        **MORTON GROVE PHARMACEUTICALS, INC.**


                                        By:__/s/ William C. O'Neil____
                                                One of its Attorneys

W. Gordon Dobie (wdobie@winston.com)
Timothy Rivelli (trivelli@winston.com)
William C. O'Neil (woneil@winston.com)
Cherish M. Keller (ckeller@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
T:  (312) 558-5600
F:  (312) 558-5700

## **CERTIFICATION**

I, WILLIAM C. O'NEIL, attorney of record for Plaintiff, hereby offer the following Rule 37 and Local Rule 37.2 certification with respect to Morton Grove Pharmaceuticals, Inc.'s Motion to Continue Discovery from Previous Case and Enter Protective Order. As to this motion, I certify that I attempted to schedule a meet and confer regarding an agreed discovery schedule in this action with Wade A. Thomson of Jenner & Block via phone on March 11, 2008 and by email correspondence on March 11, 2008 and March 13, 2008. I further certify that I sent a copy of the proposed Protective Order attached to this motion as Exhibit C via email to Mr. Thomson on March 14, 2008 in the hopes that it could be filed as an agreed motion, but received no response. I further certify that I have made good faith attempts at reaching an accord on all matters in the foregoing motion.

Dated: March 21, 2008                              /s/ William C. O'Neil

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of March 2008, I caused a copy of **Morton Grove Pharmaceuticals, Inc.'s Motion to Continue Discovery from Previous Case and Enter Protective Order** to be served on counsel via U.S. Mail and email:

> Debbie L. Berman
> Amanda S. Amert
> Wade A. Thomson
> JENNER & BLOCK LLP
> 330 North Wabash Avenue
> Chicago, Illinois 60611
> T: (312) 222-9350
> F: (312) 527-0484

/s/ William C. O'Neil