## <u>Index of Exhibits</u>

Exhibit A — Joint Report of Parties' Rule 26(f) Planning Meeting in Case No. 06-CV-3815

Exhibit B — Proposed Order

Exhibit C — Protective Order

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

MORTON GROVE                              )
PHARMACEUTICALS, INC.                     )
                                          )
                        Plaintiff,        )
                                          )   No: 06-CV-3815
            v.                            )
                                          )   Judge Bucklo
THE NATIONAL PEDICULOSIS                  )   Magistrate Judge Mason
ASSOCIATION, INC., ECOLOGY                )
CENTER, INC., WILLIAM B. WEIL, MD,        )   **JURY TRIAL DEMANDED**
                                          )
                        Defendants.       )
                                          )

### JOINT REPORT OF PARTIES' RULE 26(f) PLANNING MEETING

1.    **Meeting.** Pursuant to FED. R. CIV. P. 26(f), a meeting was held telephonically on Friday, July 20, 2007. Participating in the meeting were: William O'Neil on behalf of the Plaintiff; James Sipchen on behalf the Ecology Center, Inc. and Dr. William B. Weil; and Amanda Amert on behalf of The National Pediculosis Association, Inc.

2.    **Reservation.** Defendants, Ecology Center and Dr. Weil have objected to the Court's exercise of personal jurisdiction over them in this matter as well as venue being improper, or alternatively, contend that this action should be transferred to the United States District Court for the Eastern District of Michigan for the convenience of the parties and in the interests of justice. A motion to this effect is currently pending with the Court. Ecology Center and Dr. Weil have participated in the parties' Rule 26(f) meeting pursuant to Court Order, and their participation in that meeting and agreement to propose the pre-trial schedule set forth below is not, and shall not be construed as, a waiver of their objections to jurisdiction and venue or arguments in support of transfer set forth above.

3.    **Pre-Trial Schedule.** The parties jointly propose to the Court the following discovery plan (the parties acknowledge that this list is not exhaustive, and reserve the right to take discovery on additional topics as necessary):

       a.    Discovery will be needed on at least the following general subjects:

              i.    The truth or falsity of the statements allegedly giving rise to Morton Grove's complaint;

              ii.   Defendants' intent in allegedly making those statements;

              iii.  The scientific or other basis or support for Defendants' statements;

iv.    What, if any, economic impact defendants' statements may have had on Plaintiff's business;

v.     Whether NPA's Licemeister comb is in competition with Morton Grove's lindane-containing products;

vi.    Whether and when there are or have been sellers, manufacturers and/or distributors of pharmaceutical lindane-containing products other than Morton Grove;

vii.   Advertising, lobbying and other communications regarding lindane-containing products, whether made by the parties or by third parties;

viii.  Defendants' affirmative and other defenses, including: statutes of limitations; first publication; waiver, laches, and related doctrines; First Amendment defenses; and other defenses identified in defendants' answers to the Second Amended Complaint;

ix.    The qualified and other privileges applicable to defendants' alleged statements;

x.     Whether defendants' alleged statements influence consumers; and

xi.    Morton Grove's alleged damages, including any special damages.

b.     Disclosures pursuant to FED. R. CIV. P. 26(a)(1)(A) to be made by September 17, 2007. All fact discovery to be commenced in time to be completed by April 7, 2008. All expert discovery to be commenced in time to be completed by September 30, 2008.

c.     The parties expect they will need approximately 15 depositions per party.

d.     Reports from retained experts under Rule 26(a)(2) due:

          from Plaintiff by June 2, 2008.
          from Defendants by August 4, 2008.

e.     Parties should be allowed until January 14, 2008 to join additional parties and to amend the pleadings.

f.     The parties request a status date shortly after the due date for Defendants' experts' reports of August 4, 2008 for the setting of further dates for the filing of dispositive motions, submission of the final pretrial order, and trial setting. However, if the court is inclined to set these dates at this time, the parties request the following dates.

g.     All potentially dispositive motions should be filed by January 7, 2009.

2

     h.     Final pretrial order: Plaintiff to prepare proposed draft by April 20, 2009; parties to file joint final pretrial order by May 1, 2009.

     i.     The case should be ready for trial by May 25, 2009 and at this time is expected to take approximately seven full days.

4.     **Electronically Stored Information.** As required by Rule 26(f), the parties conferred regarding electronically stored information on August 7, 2007. The parties have agreed to continue to confer and cooperate on discovery issues relating to electronically stored information.

5.     **Settlement.** At least 14 days prior to the Rule 16(b) scheduling conference, Plaintiff shall make a written settlement demand to the Defendants. At least 7 days prior to the scheduling conference Defendants are to respond in writing to the Plaintiff's settlement demand.

6.     **Consent.** The parties do not consent unanimously to proceed before a Magistrate Judge.

Dated: August 8, 2007          Respectfully Submitted,

                    By:  _s/ William C. O'Neil_____
                    *Submitted on behalf of all Parties*

W. Gordon Dobie
Timothy Rivelli
William C. O'Neil
Cherish M. Keller
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
T: (312) 558-5600
F: (312) 558-5700

CERTIFICATE OF SERVICE

      I hereby certify that on this 8th day of August 2007, I caused a copy of **Joint Report of Parties Rule 26(f) Planning Meeting** to be served on counsel of record by ECF electronic filing:

Richard M. Waris
James J. Sipchen
PRETZEL & STOUFFER, CHARTERED
1 S. Wacker Dr., Ste. 2500
Chicago, IL 60606
T: (312) 578-7404
F: (312) 346-8242

Debbie L. Berman
Jennifer A. Hasch
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL 60611
T: (312) 222-9350
F: (312) 527-0484


_____ s/William C. O'Neil _____

4

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MORTON GROVE                                )
PHARMACEUTICALS, INC.                        )
                                             )
                        Plaintiff,           )
                                             )    No: 08-CV-1384
            v.                               )
                                             )    Judge Bucklo
THE NATIONAL PEDICULOSIS                     )    Magistrate Judge Mason
ASSOCIATION, INC.,                           )
                                             )
                        Defendant.           )
                                             )
                                             )

## ORDER CONTINUING DISCOVERY FROM PREVIOUS CASE
## AND ENTERING PROTECTIVE ORDER

**THIS CAUSE COMING TO BE HEARD** on Morton Grove Pharmaceuticals,

Inc.'s Motion to Continue Discovery from Previous Case and Enter Protective Order, the Court

being fully advised in the premises:

**WHEREAS**, the instant case is a re-filing of a case previously before this Court,

in which discovery had substantially progressed, and where that discovery is highly relevant and

fully applicable in the instant case,

**IT IS ORDERED AS FOLLOWS:**

1.      The requirements of Federal Rules of Civil Procedure 26(f) and 16 are hereby

waived, so that the parties may promptly begin deposition discovery.

2.      The following case management schedule is entered:

          Close of Fact Discovery:     June 11, 2008
          Close of Expert Discovery:   October 1, 2008
          Trial Date:                  December ___, 2008

3.     The Protective Order attached as Exhibit C to Morton Grove Pharmaceuticals, Inc.'s Motion to Continue Discovery from Previous Case and Enter Protective Order is entered.


SO ORDERED this ___ day of _____, 2008


_____
Judge Elaine Bucklo
United States District Court

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MORTON GROVE PHARMACEUTICALS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | No: 08-CV-1384 |
| v. | ) ) | Judge Bucklo |
| THE NATIONAL PEDICULOSIS ASSOCIATION, INC., | ) ) ) | Magistrate Judge Mason |
| Defendant. | ) ) ) ) | |

**PROTECTIVE ORDER**
**GOVERNING CONFIDENTIAL INFORMATION**

**THIS CAUSE COMING TO BE HEARD** on Morton Grove Pharmaceuticals,

Inc.'s ("Morton Grove's") Motion to Continue Discovery from Previous Case and Enter

Protective Order, the Court being fully advised in the premises:

**WHEREAS**, the following categories of documents and information of a

confidential nature may be produced during discovery and access to such confidential material

should be limited: non-public, proprietary information relating to Morton Grove's Lindane

Lotion and Lindane Shampoo, including chemical and manufacturing details, research and

development data and plans, business plans, sales and revenue figures, customer lists, and

agreements with third parties containing sensitive business information. This type of non-public

proprietary information relating to Lindane Lotion and Lindane Shampoo is competitively

sensitive, as Morton Grove is a private company in a competitive market. Given this highly

competitive nature of the market for lice and scabies treatments, Morton Grove could be

irreparably damaged if the non-public information about its Lindane medications was obtained

by a competitor.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1.      All non-public proprietary information related to Lindane Lotion and Lindane Shampoo that is produced in response to discovery requests or subpoenas shall be deemed confidential, including the following:

(a)      the proprietary manufacturing process for Lindane Lotion & Shampoo, and non-public details of the chemical composition of Lindane Lotion & Shampoo;

(b)      proprietary research and development information regarding Lindane Lotion & Shampoo, such as reformulation plans;

(c)      confidential marketing plans, business plans, and strategy plans for Lindane Lotion & Shampoo;

(d)      non-public financial information, including revenue from sales of pharmaceutical products, net and gross revenue, earnings statements, profit and loss statements, accounts receivable/payable statements, and forecasts and plans;

(e)      customer lists and competitive market information; and

(f)      agreements with third parties containing sensitive business information and/or confidentiality provisions.

All such information and documents described above are collectively referred to herein as "Confidential Material."

2.      Designations shall be made by stamping each page of a document containing Confidential Material with the legend "Confidential," or, if inadvertently produced without such legend, by furnishing written notice as soon as possible to the receiving party that the information or document shall be confidential under this Protective Order.  An entire document

shall not be designated as "Confidential" if the Confidential Material can practicably be redacted. In the case that Confidential Material is redacted, any such redaction shall be labeled "Confidential."

      3.    Confidential Material contained in deposition transcripts, or in portions thereof, may be designated as subject to this Protective Order either (a) during the deposition or (b) by written notice to the reporter and all counsel of record, given within 30 days after the deposition transcript is received by the designating party.

      4.    A party or an interested member of the public may challenge any designation of material as Confidential Material. If a party does so, the following procedure shall be utilized:

          (a)    the objecting party shall give counsel of record for the producing party written notice thereof, specifying the materials as to which an objection is asserted and the reasons for the objection; and

          (b)    if the parties cannot reach agreement concerning the matter within 5 business days after the delivery of the written notice, then the objecting party may, within 5 business days thereafter, file and serve a motion with the Court seeking a court order that the materials are not Confidential Materials within the meaning of the Protective Order.

During this process, the designated materials shall continue to be held confidential until determined to be otherwise by order of the Court or by agreement of the parties.

      5.    Documents and information designated as Confidential Material under the provisions of this Protective Order shall be used solely for the purposes of this action and shall not be used in any other lawsuit, claim, or cause of action, or in any other way, unless otherwise ordered by this Court or obligated to do so as described in Paragraph 6 of this Order. The attorneys of record for the parties shall exercise reasonable care to insure that any Confidential

Material is (a) used only for the purposes specified herein and (b) disclosed only to authorized persons.

6.     If any person receiving Confidential Material is subpoenaed in another action or proceeding or served with a document request, and such subpoena or document request seeks Confidential Material that was produced in this action, the party receiving the subpoena or document request (a) shall give written notice within 5 business of service of such subpoena or document request to counsel for the producing party and (b) shall not produce the documents until the earlier of (i) 30 days after service of such subpoena or document request or (ii) the time designated in the subpoena or document request.

7.     Documents and information designated as Confidential Material shall be restricted to the following individuals:

      (a)     the Court and its officers;

      (b)     the parties to this action, any employee of any party, and Deborah Altschuler (President of the National Pediculosis Association, Inc.);

      (c)     counsel representing any party in connection with this litigation (and the support staff of such counsel);

      (d)     outside experts and consultants used by counsel of the parties to assist in this litigation;

      (e)     court reporters, translators, videographers, duplicating services, and auxiliary services of like nature routinely engaged by counsel; and

      (f)     witnesses, provided that any such witness: (1) is employed by the producing party, (2) is privy to the Confidential Material, or (3) agrees to be bound by this Protective Order by signing an agreement in the form attached hereto as Exhibit A.

8.      From the date of this Protective Order, if any party uses documents designated as Confidential Material in connection with this action, they shall be marked and identified as "Confidential." Further, any Confidential Material produced prior to the date this Order is entered, which was marked "Confidential" in anticipation of the entry of this Order, shall be treated in accordance with guidelines set forth in Paragraph 5 of this Order, so long as the documents are indeed confidential pursuant to Paragraph 1 of this Order.

9.      If any Confidential Material is attached as exhibits to or incorporated in pleadings or documents filed with the Court, a redacted version of the pleadings or documents (with only the Confidential Material redacted) shall be filed with the Clerk of the Court in the ordinary course as prescribed under Federal and local rules. The party submitting the pleading or document shall then contemporaneously file an unredacted version under seal with the Clerk of the Court consistent with this Protective Order and in accordance with Local Rule 26.2. Under no circumstances shall an entire pleading be filed under seal.

10.     This Protective Order shall not restrict the use of Confidential Material during any in-court hearing or trial of this action unless ordered by the Court as to specified documents upon a duly presented motion. This Protective Order is limited solely to pretrial discovery. The parties reserve all rights to apply to the Court for further protection with respect to the confidentiality of testimony or other evidence at trial or at any other hearing.

11.     In the event that a party or third-party subpoena deponent claims that documents were inadvertently produced and contain material protected from disclosure by the attorney-client privilege or work product doctrine, such production is not a waiver of protection from disclosure and the party given the materials shall return them and all copies thereof, and delete the same or references to same from any internal or electronic database or file, within 10 business days of the request by the producing party.

5

12.     Within 60 days of final termination of this action, including any appeals, unless otherwise agreed to in writing by an attorney of record for the producing party, the parties, upon request of the producing party, shall return Confidential Material to counsel for the producing party, including all copies of same, or shall certify destruction thereof, except to the extent that Confidential Material has been incorporated in documents or pleadings filed with the Court or in deposition transcripts.  The Court shall handle all Confidential Material affected by this Order in accordance with Local Rule 26.2(g).

13.     Documents marked "Confidential" pursuant to the protective order entered on October, 10, 2007 in the case *Morton Grove Pharmaceuticals, Inc. v. Ecology Center, Inc. et al.*, No. 06-CV-3815, shall be considered marked "Confidential" pursuant to this protective order.

SO ORDERED this ___ day of _____, 2008

_____
Judge Elaine Bucklo
United States District Court

6

## EXHIBIT A

## UNDERTAKING – CONFIDENTIAL INFORMATION

[Name and Address of Counsel
Proposing to Show Confidential
Or Highly Confidential Information
to Third Party]

Re:     *Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Association*, 08-CV-
        1384 (N.D. Ill.)

The undersigned has read the attached Protective Order governing the production and use of confidential information, understands its contents, and hereby undertakes (1) to make no disclosure of confidential information (as defined in the Protective Order) to any person who is not permitted to have access to confidential information pursuant to the Protective Order and (2) to use confidential information only for the purpose of this litigation, and not for any business or other purpose whatsoever.

The undersigned understands that a violation of this undertaking could be punishable as contempt of Court and may subject the undersigned to civil litigation in the United States District Court for the Northern District of Illinois by anyone injured by disclosure of confidential information by the undersigned. The undersigned consents to the jurisdiction of the United States District Court for the Northern District of Illinois for purposes of any such litigation.

Dated: _____

                              Signature: _____

                              Name: _____

                              Address: _____

                                                 _____

                                           _____