# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MORTON GROVE PHARMACEUTICALS, INC., )<br>) <br>Plaintiff, )<br>)<br>v. )<br>)<br>THE NATIONAL PEDICULOSIS )<br>ASSOCIATION, INC., )<br>)<br>Defendant. )<br>)<br>) | No.: 08-CV-1384<br><br>Judge Bucklo<br>Magistrate Judge Mason<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF WADE A. THOMSON IN SUPPORT OF DEFENDANT THE NATIONAL PEDICULOSIS ASSOCIATION, INC.'S OPPOSITION TO MORTON GROVE PHARMACEUTICALS, INC.'S MOTION TO CONTINUE DISCOVERY FROM PREVIOUS CASE AND ENTER PROTECTIVE ORDER**

I, Wade A. Thomson, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am one of the attorneys for defendant The National Pediculosis Association, Inc. ("NPA") in this matter.

2. The statements made in this declaration are based on my personal knowledge.

3. After June 26, 2007, when NPA filed its motion to dismiss or sever for improper joinder to the lawsuit against the Ecology Center and William B. Weil, M.D., filed by Morton Grove Pharmaceuticals, Inc. ("Morton Grove"), NPA participated in the discovery process.

4. NPA served written discovery on Morton Grove on August 14, 2007.

5. On October 1, 2007, Morton Grove produced a small number of paper documents in response to a limited number of NPA's discovery requests.

6. Though NPA repeatedly sought Morton Grove's concurrence on search terms so that the parties could pursue electronic discovery, the parties did not reach agreement until mid-October 2007.

7.  Throughout October 2007, NPA and Morton Grove discussed various discovery issues, including deficiencies in Morton Grove's discovery responses that had been identified by NPA.

8.  The deficiencies under discussion included, among other things, deficiencies in Morton Grove's production of documents related to its lindane lobbying activities.

9.  Just before this Court granted NPA's motion to dismiss or sever for improper joinder, the parties had reached an impasse on certain issues, including documents related to Morton Grove's lindane lobbying efforts. NPA warned Morton Grove that it was contemplating filing a motion to compel.

10. By the end of November 2007, no depositions had been noticed and no electronic documents had been produced by either NPA or Morton Grove.

11. This Court severed NPA from the prior action on November 30, 2007.

12. After the severance order, Morton Grove's counsel informed NPA's counsel that Morton Grove would be filing a new action against NPA. Based on that representation, NPA agreed to continue to engage in discovery, including by producing electronic documents.

13. Morton Grove first produced electronic documents on January 25, 2008.

14. By February 2008, Morton Grove had not filed a new complaint.

15. On February 14, 2008, I spoke with Morton Grove's counsel, Bill O'Neil over the telephone. He told me that Morton Grove would be filing a new complaint "very soon" and that Morton Grove would allege no new NPA statements in the new complaint. We agreed to table certain discovery issues, such as NPA's objections to Morton Grove's second set of interrogatories, until after Morton Grove filed the new complaint.

16. On February 25, 2008, I again spoke with Mr. O'Neil over the telephone. At that time, he told me that Morton Grove intended to file its new complaint "very soon." Mr. O'Neil also said he needed to "correct" what he had told me on February 14 and said that the new complaint would contain new NPA statements. We agreed to table all discovery issues until NPA had the opportunity to see the new complaint.

17. On Friday, March 7, 2008, Morton Grove filed its new complaint. The new complaint alleges several new NPA statements, removes a claim for money damages, eliminates Morton Grove's previous defamation claim, and contains new factual allegations regarding Morton Grove's settlement of its case against the Ecology Center defendants.

18. On Monday, March 17, 2008, Mr. O'Neil e-mailed another NPA attorney, Debbie L. Berman, and me with correspondence related to the Lanham Act mediation program.

19. Without any further communication, Morton Grove filed its Motion to Continue Discovery from Previous Case and Enter Protective Order on Friday, March 21, 2008.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 24th day of March, 2008.

                                                    s/ Wade A. Thomson
                                                  Wade A. Thomson