**Index of Exhibits**

Exhibit A — Proposed Protective Order

Exhibit B — Protective Order from *Morton Grove Pharmaceuticals, Inc. v. Ecology Center, Inc. et al.*, No. 06-CV-3815.

# EXHIBIT A

Case 1:08-cv-01384   Document 25-2   Filed 04/17/2008   Page 2 of 17

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORTON GROVE PHARMACEUTICALS, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>THE NATIONAL PEDICULOSIS ASSOCIATION, INC.,<br><br>            Defendant. | No: 08-CV-1384<br><br>Judge Bucklo<br>Magistrate Judge Mason |

**PROTECTIVE ORDER
GOVERNING CONFIDENTIAL INFORMATION**

**THIS CAUSE COMING TO BE HEARD** on Morton Grove Pharmaceuticals, Inc.'s ("Morton Grove's") Motion for Entry of this Protective Order, the Court being fully advised in the premises:

**WHEREAS**, the following categories of documents and information of a confidential nature may be produced during discovery and access to such confidential material should be limited: non-public, proprietary information relating to Morton Grove's Lindane Lotion and Lindane Shampoo, including chemical and manufacturing details, research and development data and plans, business plans, sales and revenue figures, customer lists, and agreements with third parties containing sensitive business information. This type of non-public proprietary information relating to Lindane Lotion and Lindane Shampoo is competitively sensitive, as Morton Grove is a private company in a competitive market. Given this highly competitive nature of the market for lice and scabies treatments, Morton Grove could be irreparably damaged if the non-public information about its Lindane medications was obtained by a competitor.

## IT IS THEREFORE ORDERED AS FOLLOWS:

1.  All non-public proprietary information related to Lindane Lotion and Lindane Shampoo that is produced in response to discovery requests or subpoenas shall be deemed confidential, including the following:

    (a) the proprietary manufacturing process for Lindane Lotion & Shampoo, and non-public details of the chemical composition of Lindane Lotion & Shampoo;

    (b) proprietary research and development information regarding Lindane Lotion & Shampoo, such as reformulation plans;

    (c) confidential marketing plans, business plans, and strategy plans for Lindane Lotion & Shampoo;

    (d) non-public financial information, including revenue from sales of pharmaceutical products, net and gross revenue, earnings statements, profit and loss statements, accounts receivable/payable statements, and forecasts and plans;

    (e) customer lists and competitive market information; and

    (f) agreements with third parties containing sensitive business information and/or confidentiality provisions.

All such information and documents described above are collectively referred to herein as "Confidential Material."

2.  Designations shall be made by stamping each page of a document containing Confidential Material with the legend "Confidential," or, if inadvertently produced without such legend, by furnishing written notice as soon as possible to the receiving party that the information or document shall be confidential under this Protective Order. An entire document

shall not be designated as "Confidential" if the Confidential Material can practicably be redacted. In the case that Confidential Material is redacted, any such redaction shall be labeled "Confidential."

3.  Confidential Material contained in deposition transcripts, or in portions thereof, may be designated as subject to this Protective Order either (a) during the deposition or (b) by written notice to the reporter and all counsel of record, given within 30 days after the deposition transcript is received by the designating party.

4.  A party or an interested member of the public may challenge any designation of material as Confidential Material. If a party does so, the following procedure shall be utilized:

>   (a) the objecting party shall give counsel of record for the producing party written notice thereof, specifying the materials as to which an objection is asserted and the reasons for the objection; and
>
>   (b) if the parties cannot reach agreement concerning the matter within 5 business days after the delivery of the written notice, then the objecting party may, within 5 business days thereafter, file and serve a motion with the Court seeking a court order that the materials are not Confidential Materials within the meaning of the Protective Order.

During this process, the designated materials shall continue to be held confidential until determined to be otherwise by order of the Court or by agreement of the parties.

5.  Documents and information designated as Confidential Material under the provisions of this Protective Order shall be used solely for the purposes of this action and shall not be used in any other lawsuit, claim, or cause of action, or in any other way, unless otherwise ordered by this Court or obligated to do so as described in Paragraph 6 of this Order. The attorneys of record for the parties shall exercise reasonable care to insure that any Confidential

3

Material is (a) used only for the purposes specified herein and (b) disclosed only to authorized persons.

6.     If any person receiving Confidential Material is subpoenaed in another action or proceeding or served with a document request, and such subpoena or document request seeks Confidential Material that was produced in this action, the party receiving the subpoena or document request (a) shall give written notice within 5 business of service of such subpoena or document request to counsel for the producing party and (b) shall not produce the documents until the earlier of (i) 30 days after service of such subpoena or document request or (ii) the time designated in the subpoena or document request.

7.     Documents and information designated as Confidential Material shall be restricted to the following individuals:

    (a)     the Court and its officers;

    (b)     the parties to this action, any employee of any party, and Deborah Altschuler (President of the National Pediculosis Association, Inc.);

    (c)     counsel representing any party in connection with this litigation (and the support staff of such counsel);

    (d)     outside experts and consultants used by counsel of the parties to assist in this litigation;

    (e)     court reporters, translators, videographers, duplicating services, and auxiliary services of like nature routinely engaged by counsel; and

    (f)     witnesses, provided that any such witness: (1) is employed by the producing party, (2) is privy to the Confidential Material, or (3) agrees to be bound by this Protective Order by signing an agreement in the form attached hereto as Exhibit A.

8. From the date of this Protective Order, if any party uses documents designated as Confidential Material in connection with this action, they shall be marked and identified as "Confidential." Further, any Confidential Material produced prior to the date this Order is entered, which was marked "Confidential" in anticipation of the entry of this Order, shall be treated in accordance with guidelines set forth in Paragraph 5 of this Order, so long as the documents are indeed confidential pursuant to Paragraph 1 of this Order.

9. If any Confidential Material is attached as exhibits to or incorporated in pleadings or documents filed with the Court, a redacted version of the pleadings or documents (with only the Confidential Material redacted) shall be filed with the Clerk of the Court in the ordinary course as prescribed under Federal and local rules. The party submitting the pleading or document shall then contemporaneously file an unredacted version under seal with the Clerk of the Court consistent with this Protective Order and in accordance with Local Rule 26.2. Under no circumstances shall an entire pleading be filed under seal.

10. This Protective Order shall not restrict the use of Confidential Material during any in-court hearing or trial of this action unless ordered by the Court as to specified documents upon a duly presented motion. This Protective Order is limited solely to pretrial discovery. The parties reserve all rights to apply to the Court for further protection with respect to the confidentiality of testimony or other evidence at trial or at any other hearing.

11. In the event that a party or third-party subpoena deponent claims that documents were inadvertently produced and contain material protected from disclosure by the attorney-client privilege or work product doctrine, such production is not a waiver of protection from disclosure and the party given the materials shall return them and all copies thereof, and delete the same or references to same from any internal or electronic database or file, within 10 business days of the request by the producing party.

12.     Within 60 days of final termination of this action, including any appeals, unless otherwise agreed to in writing by an attorney of record for the producing party, the parties, upon request of the producing party, shall return Confidential Material to counsel for the producing party, including all copies of same, or shall certify destruction thereof, except to the extent that Confidential Material has been incorporated in documents or pleadings filed with the Court or in deposition transcripts. The Court shall handle all Confidential Material affected by this Order in accordance with Local Rule 26.2(g).

13.     Documents marked "Confidential" pursuant to the protective order entered on October, 10, 2007 in the case *Morton Grove Pharmaceuticals, Inc. v. Ecology Center, Inc. et al.*, No. 06-CV-3815, shall be considered marked "Confidential" pursuant to this protective order.

SO ORDERED this ___ day of _____, 2008

                                                                        _____
                                                                        Judge Elaine Bucklo
                                                                        United States District Court

6

## **EXHIBIT A**

### **UNDERTAKING – CONFIDENTIAL INFORMATION**

[Name and Address of Counsel
Proposing to Show Confidential
Or Highly Confidential Information
to Third Party]

Re:   *Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Association*, 08-CV-1384 (N.D. Ill.)

The undersigned has read the attached Protective Order governing the production and use of confidential information, understands its contents, and hereby undertakes (1) to make no disclosure of confidential information (as defined in the Protective Order) to any person who is not permitted to have access to confidential information pursuant to the Protective Order and (2) to use confidential information only for the purpose of this litigation, and not for any business or other purpose whatsoever.

The undersigned understands that a violation of this undertaking could be punishable as contempt of Court and may subject the undersigned to civil litigation in the United States District Court for the Northern District of Illinois by anyone injured by disclosure of confidential information by the undersigned. The undersigned consents to the jurisdiction of the United States District Court for the Northern District of Illinois for purposes of any such litigation.

Dated: _____

Signature:   _____

Name:         _____

Address:     _____

_____

_____

7

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORTON GROVE PHARMACEUTICALS, INC. | ) ) ) |
| Plaintiff, | ) ) ) No: 06-CV-3815 |
| v. | ) ) Judge Bucklo |
| THE NATIONAL PEDICULOSIS ASSOCIATION, INC., ECOLOGY CENTER, INC., WILLIAM WEIL, M.D., | ) Magistrate Judge Mason ) ) ) |
| Defendants. | ) ) ) |

**PROTECTIVE ORDER
GOVERNING CONFIDENTIAL INFORMATION**

**THIS CAUSE COMING TO BE HEARD** on Morton Grove Pharmaceuticals, Inc.'s ("Morton Grove's") Motion for Entry of this Protective Order, the Court being fully advised in the premises:

**WHEREAS**, the following categories of documents and information of a confidential nature may be produced during discovery and access to such confidential material should be limited: non-public, proprietary information relating to Morton Grove's Lindane Lotion and Lindane Shampoo, including chemical and manufacturing details, research and development data and plans, business plans, sales and revenue figures, customer lists, and agreements with third parties containing sensitive business information. This type of non-public proprietary information relating to Lindane Lotion and Lindane Shampoo is competitively sensitive, as Morton Grove is a private company in a competitive market. Given this highly competitive nature of the market for lice and scabies treatments, Morton Grove could be irreparably damaged if the non-public information about its Lindane medications was obtained by a competitor.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. All non-public proprietary information related to Lindane Lotion and Lindane Shampoo that is produced in response to discovery requests or subpoenas shall be deemed confidential, including the following:

   (a) the proprietary manufacturing process for Lindane Lotion & Shampoo, and non-public details of the chemical composition of Lindane Lotion & Shampoo;

   (b) proprietary research and development information regarding Lindane Lotion & Shampoo, such as reformulation plans;

   (c) confidential marketing plans, business plans, and strategy plans for Lindane Lotion & Shampoo;

   (d) non-public financial information, including revenue from sales of pharmaceutical products, net and gross revenue, earnings statements, profit and loss statements, accounts receivable/payable statements, and forecasts and plans;

   (e) customer lists and competitive market information; and

   (f) agreements with third parties containing sensitive business information and/or confidentiality provisions.

All such information and documents described above are collectively referred to herein as "Confidential Material."

2. Designations shall be made by stamping each page of a document containing Confidential Material with the legend "Confidential," or, if inadvertently produced without such legend, by furnishing written notice as soon as possible to the receiving party that the information or document shall be confidential under this Protective Order. An entire document

shall not be designated as "Confidential" if the Confidential Material can practicably be redacted. In the case that Confidential Material is redacted, any such redaction shall be labeled "Confidential."

3. Confidential Material contained in deposition transcripts, or in portions thereof, may be designated as subject to this Protective Order either (a) during the deposition or (b) by written notice to the reporter and all counsel of record, given within 30 days after the deposition transcript is received by the designating party.

4. A party or an interested member of the public may challenge any designation of material as Confidential Material. If a party does so, the following procedure shall be utilized:

> (a) the objecting party shall give counsel of record for the producing party written notice thereof, specifying the materials as to which an objection is asserted and the reasons for the objection; and
>
> (b) if the parties cannot reach agreement concerning the matter within 5 business days after the delivery of the written notice, then the objecting party may, within 5 business days thereafter, file and serve a motion with the Court seeking a court order that the materials are not Confidential Materials within the meaning of the Protective Order.

During this process, the designated materials shall continue to be held confidential until determined to be otherwise by order of the Court or by agreement of the parties.

5. Documents and information designated as Confidential Material under the provisions of this Protective Order shall be used solely for the purposes of this action and shall not be used in any other lawsuit, claim, or cause of action, or in any other way, unless otherwise ordered by this Court or obligated to do so as described in Paragraph 6 of this Order. The attorneys of record for the parties shall exercise reasonable care to insure that any Confidential

Material is (a) used only for the purposes specified herein and (b) disclosed only to authorized persons.

6.  If any person receiving Confidential Material is subpoenaed in another action or proceeding or served with a document request, and such subpoena or document request seeks Confidential Material that was produced in this action, the party receiving the subpoena or document request (a) shall give written notice within 5 business of service of such subpoena or document request to counsel for the producing party and (b) shall not produce the documents until the earlier of (i) 30 days after service of such subpoena or document request or (ii) the time designated in the subpoena or document request.

7.  Documents and information designated as Confidential Material shall be restricted to the following individuals:

    (a) the Court and its officers;

    (b) the parties to this action, any employee of any party, and Deborah Altschuler (President of the National Pediculosis Association, Inc.);

    (c) counsel representing any party in connection with this litigation (and the support staff of such counsel);

    (d) outside experts and consultants used by counsel of the parties to assist in this litigation;

    (e) court reporters, translators, videographers, duplicating services, and auxiliary services of like nature routinely engaged by counsel; and

    (f) witnesses, provided that any such witness: (1) is employed by the producing party, (2) is privy to the Confidential Material, or (3) agrees to be bound by this Protective Order by signing an agreement in the form attached hereto as Exhibit A.

8. From the date of this Protective Order, if any party uses documents designated as Confidential Material in connection with this action, they shall be marked and identified as "Confidential." Further, any Confidential Material produced prior to the date this Order is entered, which was marked "Confidential" in anticipation of the entry of this Order, shall be treated in accordance with guidelines set forth in Paragraph 5 of this Order, so long as the documents are indeed confidential pursuant to Paragraph 1 of this Order.

9. If any Confidential Material is attached as exhibits to or incorporated in pleadings or documents filed with the Court, a redacted version of the pleadings or documents (with only the Confidential Material redacted) shall be filed with the Clerk of the Court in the ordinary course as prescribed under Federal and local rules. The party submitting the pleading or document shall then contemporaneously file an unredacted version under seal with the Clerk of the Court consistent with this Protective Order and in accordance with Local Rule 26.2. Under no circumstances shall an entire pleading be filed under seal.

10. This Protective Order shall not restrict the use of Confidential Material during any in-court hearing or trial of this action unless ordered by the Court as to specified documents upon a duly presented motion. This Protective Order is limited solely to pretrial discovery. The parties reserve all rights to apply to the Court for further protection with respect to the confidentiality of testimony or other evidence at trial or at any other hearing.

11. In the event that a party or third-party subpoena deponent claims that documents were inadvertently produced and contain material protected from disclosure by the attorney-client privilege or work product doctrine, such production is not a waiver of protection from disclosure and the party given the materials shall return them and all copies thereof, and delete the same or references to same from any internal or electronic database or file, within 10 business days of the request by the producing party.

12. Within 60 days of final termination of this action, including any appeals, unless otherwise agreed to in writing by an attorney of record for the producing party, the parties, upon request of the producing party, shall return Confidential Material to counsel for the producing party, including all copies of same, or shall certify destruction thereof, except to the extent that Confidential Material has been incorporated in documents or pleadings filed with the Court or in deposition transcripts. The Court shall handle all Confidential Material affected by this Order in accordance with Local Rule 26.2(g).

SO ORDERED this 10 day of October, 2007

_____
Judge Elaine Bucklo
United States District Court

## EXHIBIT A

## UNDERTAKING – CONFIDENTIAL INFORMATION

[Name and Address of Counsel
Proposing to Show Confidential
Or Highly Confidential Information
to Third Party]

Re: *Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Association, et al.*, 06-CV-3815 (N.D. Ill.)

The undersigned has read the attached Protective Order governing the production and use of confidential information, understands its contents, and hereby undertakes (1) to make no disclosure of confidential information (as defined in the Protective Order) to any person who is not permitted to have access to confidential information pursuant to the Protective Order and (2) to use confidential information only for the purpose of this litigation, and not for any business or other purpose whatsoever.

The undersigned understands that a violation of this undertaking could be punishable as contempt of Court and may subject the undersigned to civil litigation in the United States District Court for the Northern District of Illinois by anyone injured by disclosure of confidential information by the undersigned. The undersigned consents to the jurisdiction of the United States District Court for the Northern District of Illinois for purposes of any such litigation.

Dated: _____

Signature: _____

Name: _____

Address: _____
_____
_____