IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORTON GROVE PHARMACEUTICALS, INC. <br><br> Plaintiff, <br><br> v. <br><br> THE NATIONAL PEDICULOSIS ASSOCIATION, INC., <br><br> Defendant. | No: 08-CV-1384 <br><br> Judge Bucklo <br> Magistrate Judge Mason |

**MEMORANDUM IN SUPPORT OF
MORTON GROVE PHARMACEUTICALS, INC.'S
<u>MOTION TO COMPEL ANSWERS TO INTERROGATORIES</u>**

This is a motion to compel Defendant the National Pediculosis Association, Inc. ("NPA") to respond to two interrogatories served by Plaintiff Morton Grove Pharmaceuticals, Inc. ("Morton Grove") almost five months ago. These interrogatories seek basic information—namely who, if anyone, affiliated with the NPA authored and/or reviewed the 12 false and deceptive statements at issue in this action. The NPA's only response to these interrogatories is an arithmetic calculation of sub-parts of prior interrogatories and a claim that Morton Grove exceeded 25 interrogatories (even though Morton Grove had actually only issued 14 interrogatories at that time). Of course, the real reason the NPA does not wish to respond to these interrogatories is that truthful responses would be problematic. Indeed, Morton Grove suspects that at least one of these interrogatories could be answered with the simple, one-word response "None." Thus, Morton Grove respectfully requests that this Court put an end to the NPA's discovery gamesmanship and order it to respond fully to Morton Grove's interrogatories.

## BACKGROUND

Morton Grove is a Illinois-based pharmaceutical company which makes, *inter alia*, two products for the treatment of head lice and scabies—Lindane Lotion and Lindane Shampoo. This is a Lanham Act, trade disparagement, and Illinois Deceptive Trade Practices Act action centered around 12 false, deceptive, and misleading statements made by the NPA. On January 2, 2008, Morton Grove served its Second Set of Interrogatories (attached as Exhibit A), asking the NPA to describe the drafting and review process for each of the statements at issue, particularly who employed by or affiliated with the NPA was involved with the process. The purpose of these interrogatories was simple—to enable Morton Grove to identify which of the 19 people listed in the NPA's Rule 26(a) disclosures needed to be deposed. The NPA's response on February 4, 2008 completely failed to answer these interrogatories. *See* Exhibit B, at 5-6.

In addition, rather than abide by the spirit of the Court's order (Docket Entry No. 20) continuing discovery from the prior action, the NPA recently demanded that Morton Grove issue new interrogatories to gain answers to any prior interrogatory that made reference to the "Second Amended Complaint." *See* Exhibit C, Apr. 8, 2008 Ltr. from W. Thomson to W. O'Neil. No doubt, this was a hollow ploy to force Morton Grove to use up even more of its allotted 25 interrogatories and buy the NPA another 30 days to answer these factually simple, but legally damning interrogatories. Morton Grove played along and on April 11, 2008 served its Third Set of Interrogatories, restating the interrogatory asking for information relating to the authorship and review of the statements contained in the complaint. *See* Exhibit D. Despite Morton Grove's good faith effort to narrow the scope of the disagreement, at the parties' in-person meet and confer on April 15, 2008, the NPA stated that it will not answer any further

interrogatories in this action until Morton Grove goes through the impossible task of choosing which 25 of its 14 interrogatories it would like answered.

## ARGUMENT

Under the Federal Rules of Civil Procedure, a party may obtain discovery of "any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Federal Rules allow for "broad discovery" of "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Young v. Verizon's Bell Atl. Cash Balance Plan*, No. 05 C 7314, 2007 WL 4277438, at *2 (N.D. Ill. Dec. 3, 2007). The burden is on the party failing to provide discovery to clarify and explain precisely why its objections are proper and discovery should be limited. *See Zenith Elec. Corp. v. Exzec, Inc.*, No. 93 C 5041, 1998 WL 9181, at *8 (N.D. Ill. Jan. 5. 1998).

### THE NPA MUST RESPOND FULLY TO MORTON GROVE'S INTERROGATORIES.

The preparation, authorship, and review of the 12 statements at issue in the complaint is basic information (1) that will enable Morton Grove to streamline discovery by avoiding needless depositions of NPA personnel who were not involved in issues related to Morton Grove's claims and (2) that may demonstrate the reckless nature (i.e., no scientific review or independent testing of the claims) by which the NPA's statements were made.

Specifically, the NPA failed to respond to the following interrogatories:

- Please describe with specificity the review done, if any, by Dr. David R. Brown; Dr. W. Steven Pray; Jill Reynolds, R.N.; Dr. Robert Truding; Paul Krouner; Philip Lieberman; Gershon Saxe; Leslie Kenney; Linda Menditto; Dan Sheridan; Bethezda Cervantes; and Eric Phan of the statements contained in Paragraphs 23 through 31 of the Second Amended Complaint. For each statement, identify and describe with specificity the author of the statement, any reviewers of the statement, and the approximate dates of the drafting and review of the statement.

3

- Please describe with specificity the activities undertaken either on the NPA's behalf or for the NPA's benefit, relating to Lindane and/or Morton Grove, by Dr. David R. Brown; Dr. W. Steven Pray; Jill Reynolds, R.N.; Dr. Robert Truding; Paul Krouner; Philip Lieberman; Gershon Saxe; Leslie Kenney; Linda Menditto; Dan Sheridan; Bethezda Cervantes; and Eric Phan. For each person, include in the description a general time frame of the activities.

The NPA objects on the basis that Morton Grove has served more than 25 interrogatories. Morton Grove had, in fact, only served 14 interrogatories at that time. *See* Exhibit E, Morton Grove's First Set of Interrogatories. During the meet and confer process, the NPA elaborated on its objection, noting that several of Morton Grove's interrogatories call for responses with respect to each of the 12 statements at issue in the complaint and therefore constitute 12 subparts and 12 separate interrogatories. The NPA's position is not well grounded in the law of this district—as several courts have explained, an "interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question." *Portis v. City of Chicago*, No. 02 C 3139, 2005 WL 991995, at *9 n.12 (N.D. Ill. Apr. 15, 2005) (concluding that the total count of interrogatories was "more like 12" because the subparts were directed at a common theme of the particular interrogatory, rather than 49 as the defendants asserted); *see also Bell v. Woodward Governor Co.*, No. 03 C 50190, 2005 WL 3829134, at *1 (N.D. Ill. June 30, 2005) ("[I]nterrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.") (citation omitted).

In the alternative, if the Court views each one of Morton Grove's interrogatories related to the statements in its complaint as having 12 distinct sub-parts, Morton Grove requests leave of court to exceed the 25 interrogatory limit.

Finally, given the position taken by the NPA on Morton Grove's Second Set of Interrogatories, Morton Grove forecasts an identical objection with respect to the NPA's

4

responses to Morton Grove's Third Set of Interrogatories. As such, Morton Grove respectfully request that the Court order the NPA to provide substantive response to those interrogatories on their due date, May 14.

## **CONCLUSION**

For the foregoing reasons, Morton Grove respectfully requests that the Court grant its Motion to Compel Answers to Interrogatories and order the NPA to respond completely to Morton Grove's Second Set of Interrogatories within 10 days or, in the alternative, grant Morton Grove leave to ask more than 25 interrogatories. In addition, Morton Grove respectfully requests that the Court compel complete responses to its Third Set of Interrogatories on May 14, because either Morton Grove has not asked 25 interrogatories or this Court grants Morton Grove leave to do so.

Dated April 29, 2008                    Respectfully Submitted,

**MORTON GROVE PHARMACEUTICALS, INC.**


By:__/s/ William C. O'Neil____
    One of its Attorneys

W. Gordon Dobie (wdobie@winston.com)
Timothy Rivelli (trivelli@winston.com)
William C. O'Neil (woneil@winston.com)
Cherish M. Keller (ckeller@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
T:  (312) 558-5600
F:  (312) 558-5700