**<u>Index of Exhibits</u>**

Exhibit A — Morton Grove Pharmaceuticals, Inc.'s Second Set of Interrogatories

Exhibit B — National Pediculosis Association, Inc.'s Response to Morton Grove
                Pharmaceutical's Second Set of Interrogatories

Exhibit C — Apr. 8, 2008 Ltr. from W. Thomson to W. O'Neil

Exhibit D — Morton Grove Pharmaceuticals, Inc.'s Third Set of Interrogatories

Exhibit E — Morton Grove Pharmaceuticals, Inc.'s First Set of Interrogatories

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MORTON GROVE<br>PHARMACEUTICALS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No: 06-CV-3815 |
| v. | ) | |
| | ) | Judge Bucklo |
| THE NATIONAL PEDICULOSIS | ) | Magistrate Judge Mason |
| ASSOCIATION, INC., ECOLOGY | ) | |
| CENTER, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

MORTON GROVE PHARMACEUTICALS, INC.'S
SECOND SET OF INTERROGATORIES TO
THE NATIONAL PEDICULOSIS ASSOCIATION, INC.

Pursuant to Federal Rule of Civil Procedure 33, Morton Grove Pharmaceuticals, Inc. ("Morton Grove") hereby requests that Defendant the National Pediculosis Association, Inc. ("NPA") answer the following interrogatories under oath within 30 days of service. Morton Grove also requests, pursuant to Federal Rule Civil Procedure 26(e), that the NPA seasonably amend or supplement its answers hereto.

## DEFINITIONS AND INSTRUCTIONS

1.    The term "Lindane" refers to the active pharmaceutical ingredient Lindane, the product Lindane Lotion, the product Lindane Shampoo, and any other product containing the active pharmaceutical ingredient.

2.    The term "Morton Grove" refers to Morton Grove Pharmaceuticals, Inc. and its successors or predecessors in interest, its parents, subsidiaries, divisions and affiliates, and its officers, directors, agents, employees and independent contractors (including without limitation,

its attorneys, accountants, investment bankers and advisors) acting on behalf of Morton Grove and its parents, subsidiaries, divisions, affiliates, and successors or predecessors in interest.

3.     The terms "NPA," "You," and "Your" refer to the National Pediculosis Association, Inc. and its successors or predecessors in interest, its parents, subsidiaries, divisions and affiliates, and its officers, directors, agents, employees and independent contractors (including without limitation, its attorneys, accountants, investment bankers and advisors) acting on behalf of the National Pediculosis Association, Inc. and its parents, subsidiaries, divisions, affiliates, and successors or predecessors in interest.

4.     The phrases "relating to," "referring or relating to," and "relating to or reflecting" mean concerning, describing, analyzing, evidencing, constituting, or being logically, factually, or legally connected to the matter discussed.

5.     "Person" means any individual (including accountants or attorneys), committee or group of individuals, corporation, *de facto* or *de jure* association, partnership, limited partnership, LLC, sole proprietorship, trust, body, agency, or any other form of business, professional or commercial enterprise or entity, whether private or public.

6.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.  The use of the word "including" shall be construed to mean "without limitation."

7.     Whenever the term "all" is used, it shall also be construed to mean "any" and "each," and vice versa.

8.     Reference to the singular in any of these Interrogatories shall also include a reference to the plural, and reference to the plural shall also include a reference to the singular, so that each Interrogatory shall be construed broadly rather than narrowly.

9.     "Review" means to evaluate, assess, examine, analyze, inspect, study, or investigate, and the term shall be construed broadly rather than narrowly.

10.     If you encounter any ambiguity in construing any of these Interrogatories, or any of the definitions or instructions contained in this document, you shall make your best effort to interpret the request, definition or instruction within the context of this litigation.

11.     "Describe" means to state every material fact and circumstance, specifically and completely, including but not limited to date, time, location, identity of all participants, and whether each fact or circumstance is stated on personal knowledge, information, or belief.

12.     In answering these Interrogatories, furnish all information, however obtained, including hearsay that is available to you and information known by you, in your possession, or appearing in your records.

13.     It is your duty in answering these Interrogatories to conduct a reasonable investigation so that the answers disclose all information available to you.

14.     If you cannot answer any of the following Interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

15.     With respect to any document identified or referenced in answering these Interrogatories that you claim is privileged or otherwise immune from discovery, please furnish a list identifying each document for which the claim is asserted, together with the following information: (a) the type of document (e.g., letter, memorandum, etc.); (b) the general subject matter of the document; (c) the title (if any) of the document; (d) the date of the document; (e)

the author(s) of the document; (f) the identity of each person to whom the document was addressed, distributed or shown; (g) where not apparent, the relationship of the author(s), addresse(s), and recipient(s) to each other; and (h) any other information that will enable the court to assess the applicability of the privilege or protection claimed.

16.    Unless otherwise indicated, the relevant time period is from January 1, 2003 to the present.

## INTERROGATORIES

1.    Please describe with specificity the review done, if any, by Dr. David R. Brown; Dr. W. Steven Pray; Jill Reynolds, R.N.; Dr. Robert Truding; Paul Krouner; Philip Lieberman; Gershon Saxe; Leslie Kenney, Linda Menditto; Dan Sheridan; Bethezda Cervantes; and Eric Phan of the statements contained in Paragraphs 23 through 31 of the Second Amended Complaint. For each statement, identify and described with specificity the author of the statement, any reviewers of the statement, and the approximate dates of the drafting and review of the statement.

**RESPONSE:**


2.    Please describe with specificity the activities undertaken either on the NPA's behalf or for the NPA's benefit, relating to Lindane and/or Morton Grove, by Dr. David R. Brown; Dr. W. Steven Pray; Jill Reynolds, R.N.; Dr. Robert Truding; Paul Krouner; Philip Lieberman; Gershon Saxe; Leslie Kenney, Linda Menditto; Dan Sheridan; Bethezda Cervantes; and Eric Phan. For each person, include in the description a general time frame of the activities.

**RESPONSE:**

- 4 -

Dated: January 2, 2008

Respectfully submitted,

MORTON GROVE PHARMACEUTICALS, INC.

By: _____
One of Its Attorneys

W. Gordon Dobie
Timothy J. Rivelli
William C. O'Neil
Cherish M. Keller
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
T: (312) 558-5600
F: (312) 558-5700

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January 2008, I caused to be served a copy of this **Morton Grove Pharmaceuticals, Inc.'s Second Set of Interrogatories to the National Pediculosis Association, Inc.** to be served on the following counsel of record by U.S. Mail:

Richard M. Waris
James J. Sipchen
Amy J. Thompson
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive - Suite 2500
Chicago, Illinois 60606
T: (312) 578-7404
F: (312) 346-8242

Debbie L. Berman
Jennifer A. Hasch
Amanda S. Amert
Wade A. Thomson
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
T: (312) 222-9350
F: (312) 527-0484

*Christon Keller*

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MORTON GROVE<br>PHARMACEUTICALS, INC., )<br><br>Plaintiff, )<br><br>vs. )<br><br>THE NATIONAL PEDICULOSIS<br>ASSOCIATION, INC., ECOLOGY<br>CENTER, INC., WILLIAM WEIL, M.D., )<br><br>Defendants. ) | No. 06-CV-3815<br><br>Judge Bucklo<br>Magistrate Judge Mason<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT THE NATIONAL PEDICULOSIS**
**ASSOCIATION, INC.'S RESPONSE TO PLAINTIFF**
**MORTON GROVE PHARMACEUTICAL'S SECOND SET OF INTERROGATORIES**

Defendant The National Pediculosis Association, Inc. ("NPA"), by its attorneys, in response to Plaintiff Morton Grove Pharmaceuticals, Inc.'s ("Morton Grove") Second Set of Interrogatories, states as follows:

**Preliminary Statement**

NPA has completed neither its investigation, discovery nor preparation for trial in this matter. Accordingly, all responses contained herein are based solely upon such information that is presently available to and known by NPA. NPA expressly reserves the right to supplement or otherwise amend any of its responses or objections to these interrogatories based on the results of NPA's continuing investigation and discovery in this proceeding. NPA further reserves the right to produce evidence of any subsequently discovered facts not yet obtained or known, and to otherwise assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.

### General Objections

1.    NPA objects to plaintiff's interrogatories to the extent they contain discrete subparts which properly should be separate, individual interrogatories. Plaintiff has now served in excess of 25 interrogatories as provided by Federal Rule of Civil Procedure 33. Unless and until Plaintiff limits its interrogatories to the permitted 25, NPA is unable to answer Morton Grove's Third Set of Interrogatories.

2.    NPA objects to plaintiff's interrogatories, definitions and instructions to the extent they seek to impose obligations different from, or in addition to, those imposed by the Federal Rules of Civil Procedure, the Rules of the United States District Court for the Northern District of Illinois or any other applicable Local Rules or Standing Orders.

3.    NPA objects to plaintiff's interrogatories, definitions and instructions to the extent they seek information that is protected from discovery by any applicable privilege or exemption, including the attorney-client privilege and the work-product doctrine. NPA will provide only non-privileged, non-exempt information. To the extent NPA inadvertently discloses any privileged information, such inadvertent disclosure shall not be deemed a waiver of any applicable privilege or exemption.

4.    NPA objects to plaintiff's interrogatories to the extent they seek information not in its possession, custody or control.

5.    NPA objects to plaintiff's interrogatories to the extent they seek information that can be obtained from public sources or other sources that are more convenient, less burdensome and/or less expensive.

6.    NPA objects to plaintiff's interrogatories, definitions and instructions to the extent they assume facts that do not exist or are incorrect. By responding to a particular interrogatory, NPA does not indicate that it agrees, admits or otherwise acknowledges Morton Grove's characterizations or assumptions of fact or law contained in the interrogatory.

7.    NPA objects to plaintiff's interrogatories, definitions and instructions to the extent they seek information that is not relevant to any claim or defense in this action. By disclosing information, NPA does not admit the relevance thereof to the subject matter of this litigation. NPA expressly reserves any and all objections to the relevance and admissibility of any information provided in response to these interrogatories.

8.    NPA expressly reserves the right to supplement or modify its objections and responses to plaintiff's interrogatories based on the results of NPA's continuing investigation and discovery in this proceeding.

9.    NPA objects to the definition of the terms "NPA," "You," and "Your" in Instruction 3 because they are overly broad and seek information that is neither relevant to this matter nor reasonably calculated to lead to the discovery of admissible evidence. As a non-profit 501(c)(3) organization, NPA has no parents, subsidiaries, investment bankers, or divisions. NPA will define these terms to mean the National Pediculosis Association, its predecessors, affiliates, officers, directors and employees. NPA further objects to the extent these terms are used to seek information that is covered by the attorney-client privilege, work-product, or other applicable privileges.

10.    NPA objects to the instructions with respect to NPA's claims of privilege set forth in Instruction 15 to the extent that they impose obligations in addition to those imposed by Federal

Rule of Civil Procedure 26(b)(5). To the extent NPA asserts any claims of privilege, it will do so in accordance with Rule 26(b)(5).

11.    NPA objects to the definition of "Lindane" in Instruction 1 as vague, overly broad, assuming facts not in evidence, and not reasonably calculated to lead to the discovery of relevant admissible evidence to the extent it is predicated upon the false assertion that the chemical compound, lindane, is synonymous, and/or may be used interchangeably, with Morton Grove or any specific product Morton Grove purportedly manufactures, including Lindane Lotion and Lindane Shampoo. NPA will define "Lindane" to mean Morton Grove's Lindane Lotion and/or Lindane Shampoo, other peliculicidal treatments containing the chemical lindane, and/or the chemical lindane. By employing the word "Lindane" in its responses, NPA does not indicate that it agrees, admits or otherwise acknowledges Morton Grove's characterizations or assumptions of fact or law contained in Instruction 3.

12.    To the extent NPA states that it will produce documents responsive to a particular interrogatory pursuant to Fed. R. Civ. P. 33(d), NPA will make non-electronic documents available for review and copying at a mutually agreeable time and place. Electronically stored information will be reviewed and produced pursuant to the agreed upon protocols, including agreements as to the production format, the use of search terms, and related issues.

13.    Each of the General Objections listed above is to be considered applicable to, and is hereby incorporated by reference into, each of the specific responses below as if fully set forth therein.

### Interrogatory Reponses

1.      Please describe with specificity the review done, if any, by Dr. David R. Brown; Dr. W. Steven Pray; Jill Reynolds, R.N.; Dr. Robert Truding; Paul Krouner; Philip Lieberman; Gershon Saxe; Leslie Kenney, Linda Menditto; Dan Sheridan; Bethezda Cervantes; and Eric Phan of the statements contained in Paragraphs 23 through 31 of the Second Amended Complaint. For each statement, identify and describe with specificity the author of the statement, any reviewers of the statement, and the approximate dates of the drafting and review of the statement.

**RESPONSE:** In addition to and without waiving the General Objections, NPA objects to

this request on the grounds that this request is overly broad, unduly burdensome and seeks

disclosure of matters not relevant to any claim or defense in this action. NPA further objects to

this interrogatory to the extent it seeks information protected from disclosure by the attorney-

client privilege or the work product immunity doctrine. NPA further objects to the term

"statements contained in Paragraphs 23 through 31" on the ground that it is vague and ambiguous.

This interrogatory as written would require NPA to respond as to each "statement contained in

Paragraphs 23 through 31" despite the fact that Paragraphs 23 through 31 contain some

"statements" not attributed to NPA. NPA will define the term "statements" to mean statements or

communications attributed to NPA in Paragraphs 23 through 31. NPA further objects because this

interrogatory is largely redundant of Interrogatory No. 5 in Morton Grove's First Set of

Interrogatories. Finally, NPA objects because Plaintiff has now served in excess of 25

interrogatories, including discrete subparts, the maximum allowed by Federal Rule of Civil

Procedure 33.

2.      Please describe with specificity the activities undertaken either on the NPA's behalf or for the NPA's benefit, relating to Lindane and/or Morton Grove, by Dr. David R. Brown; Dr. W. Steven Pray; Jill Reynolds, R.N.; Dr. Robert Truding; Paul Krouner; Phillip Lieberman; Gershon Saxe; Leslie Kenney, Linda Menditto; Dan Sheridan; Bethezda Cervantes; and Eric Phan. For each person, include in the description a general time frame of the activities.

**RESPONSE:** In addition to and without waiving the General Objections, NPA objects to

this request on the grounds that this request is overly broad, unduly burdensome and seeks

disclosure of matters not relevant to any claim or defense in this action. NPA further objects on

the grounds that this request is unduly burdensome and seeks disclosure of matters not relevant to any claim or defense in this action to the extent it seeks information for time periods long before the applicable statute of limitations and long before Morton Grove even began selling products containing lindane. NPA further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or the work product immunity doctrine. Finally, NPA objects because Plaintiff has now served in excess of 25 interrogatories, including discrete subparts, the maximum allowed by Federal Rule of Civil Procedure 33.

Dated:  February 4, 2008

Respectfully Submitted,

THE NATIONAL PEDICULOSIS
ASSOCIATION, INC.

AS TO THE OBJECTIONS ONLY

By: _Amanda S Amert_
One of Its Attorneys

Debbie L. Berman (#6205154)
Jennifer A. Hasch (#6272366)
Amanda S. Amert (#6271860)
Wade A. Thomson (#6282174)
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, Illinois  60611
312-222-9350

## **VERIFICATION**

I, Deborah Altschuler, on behalf of The National Pediculosis Association, Inc. (the "NPA"),

having read the foregoing Defendant The National Pediculosis Association, Inc.'s Response to

Plaintiff's Second Set of Interrogatories, declare under penalty of perjury that the statements made

therein are true and correct to the best of her knowledge, information, and belief.

_Deborah Altschuler_ (NPA) 1-31-08

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby certify that on this 4th day of February, 2008, I

caused a copy of **DEFENDANT THE NATIONAL PEDICULOSIS ASSOCIATION, INC.'S**

**RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** to be served by

email and U.S. Mail, postage pre-paid, upon the following:

> William C. O'Neil
> Winston & Strawn LLP
> 35 W. Wacker Drive
> Chicago, Illinois 60601
> Telephone: 312-558-5600

*Amanda L Ament*

# EXHIBIT C

**JENNER&BLOCK**

April 8, 2008

Jenner & Block LLP            Chicago
330 N. Wabash Avenue          Dallas
Chicago, IL 60611             New York
Tel 312-222-9350              Washington, DC
www.jenner.com

**VIA E-MAIL**

William O'Neil
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

Wade A. Thomson
Tel 312 840-8613
Fax 312 840-8713
wthomson@jenner.com

Re:    **Morton Grove Pharmaceuticals v. National Pediculosis Association**
       **Case No. 06-CV-3815**

Dear Bill:

I write to clarify part of my letter yesterday that referred to supplemental discovery responses required of Morton Grove.

Discovery requests (both by NPA and Morton Grove) that specifically relate to the prior complaint do not cover new allegations that were added in the most recently filed complaint. The prior discovery requests served by both parties specifically defined the complaint as the previous complaint filed by Morton Grove. Because of this, along with my letter yesterday, we served NPA's 3rd Set of Document Requests which specifically seek documents relating to the new statements and allegations in the new complaint. Accordingly, if there is discovery you wish from NPA regarding new allegations including the new NPA statements, you must serve new discovery upon us as they are not covered by the prior discovery.

On the other hand, what can and should be supplemented are discovery requests that are not complaint specific. Accordingly, on page two of my letter yesterday, I requested that Morton Grove supplement its responses to certain NPA document requests that are not tied to the allegations in the prior complaint. Upon further consideration, I should not have included No. 16, as that is specific to the previous complaint.

Please do not hesitate to contact me about this if you have any questions.

Sincerely,

Wade A. Thomson

cc:    Debbie L. Berman
       Amanda S. Amert

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MORTON GROVE PHARMACEUTICALS, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE NATIONAL PEDICULOSIS ASSOCIATION, INC.,<br><br>Defendant. | No: 08-CV-1384<br><br>Judge Bucklo<br>Magistrate Judge Mason |

**MORTON GROVE PHARMACEUTICALS, INC.'S
THIRD SET OF INTERROGATORIES TO
THE NATIONAL PEDICULOSIS ASSOCIATION, INC.**

Pursuant to Federal Rule of Civil Procedure 33, Morton Grove Pharmaceuticals, Inc. ("Morton Grove") hereby requests that Defendant the National Pediculosis Association, Inc. ("NPA") answer the following interrogatories under oath within 30 days of service. Morton Grove also requests, pursuant to Federal Rule Civil Procedure 26(e), that the NPA seasonably amend or supplement its answers hereto.

**DEFINITIONS AND INSTRUCTIONS**

1.    The term "lindane medication(s)" refers to the products Lindane Lotion, Lindane Shampoo, and any other product containing the active pharmaceutical ingredient lindane.

2.    The term "Morton Grove" refers to Morton Grove Pharmaceuticals, Inc. and its successors or predecessors in interest, its parents, subsidiaries, divisions and affiliates, and its officers, directors, agents, employees and independent contractors (including without limitation, its attorneys, accountants, investment bankers and advisors) acting on behalf of Morton Grove and its parents, subsidiaries, divisions, affiliates, and successors or predecessors in interest.

3.      The terms "NPA," "You," and "Your" refer to the National Pediculosis Association, Inc. and its successors or predecessors in interest, its parents, subsidiaries, divisions and affiliates, and its officers, directors, agents, employees and independent contractors (including without limitation, its attorneys, accountants, investment bankers and advisors) acting on behalf of the National Pediculosis Association, Inc. and its parents, subsidiaries, divisions, affiliates, and successors or predecessors in interest.

4.      The term "communication" means any statement, admission, denial, inquiry, transmission, discussion, conversation, negotiation, agreement, contract, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, electronic mail, telecopier, telegram, telex, facsimile, exchange of information, advertisement, or any other form of written, electronic or verbal intercourse, whether by chance or prearrangement, formal or informal.

5.      The phrases "relating to," "referring or relating to," and "relating to or reflecting" mean concerning, describing, analyzing, evidencing, constituting, or being logically, factually, or legally connected to the matter discussed.

6.      "Person" means any individual (including accountants or attorneys), committee or group of individuals, corporation, *de facto* or *de jure* association, partnership, limited partnership, LLC, sole proprietorship, trust, body, agency, or any other form of business, professional or commercial enterprise or entity, whether private or public.

7.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

8.      Whenever the term "all" is used, it shall also be construed to mean "any" and "each," and vice versa.

9.     Reference to the singular in any of these Interrogatories shall also include a reference to the plural, and reference to the plural shall also include a reference to the singular, so that each Interrogatory shall be construed broadly rather than narrowly.

10.     "Review" means to evaluate, assess, examine, analyze, inspect, study, or investigate, and the term shall be construed broadly rather than narrowly.

11.     "Identify" when used with reference to a person means to state the person's full name, present or last known address and telephone number, and when referring to a natural person, additionally, the present or last known business address and telephone number. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

12.     "Identify" when used in reference to any business or other legal entity means to state the business entity's full name, present or last-known principal place of business, and its nature, function or purpose.

13.     "Identify" when used in reference to a place means to state the street address, city, and state in which that place is situated.

14.     "Identify" when used in reference to a document means to state: (a) the type of document (e.g., letter, memorandum, telegram, etc.); (b) the general subject matter of the document; (c) the date of the document; (d) the identity of the person(s) who prepared the document; (e) the identity of the person(s) to whom the document was addressed or otherwise directed; (f) the identity of any other recipient(s) of the document; and (g) the document's present location and custodian. As to any document which was, but no longer is, in your possession, state the disposition made of it, and identify the files in which it was kept and the custodian thereof.

- 3 -

15.    "Describe" means to state every material fact and circumstance, specifically and completely, including but not limited to date, time, location, identity of all participants, and whether each fact or circumstance is stated on personal knowledge, information, or belief.

16.    "Complaint" refers to the current version of the complaint.

17.    If you encounter any ambiguity in construing any of these Interrogatories, or any of the definitions or instructions contained in this document, you shall make your best effort to interpret the request, definition or instruction within the context of this litigation.

18.    In answering these Interrogatories, furnish all information, however obtained, including hearsay that is available to you and information known by you, in your possession, or appearing in your records.

19.    It is your duty in answering these Interrogatories to conduct a reasonable investigation so that the answers disclose all information available to you.

20.    If you cannot answer any of the following Interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

21.    With respect to any document identified or referenced in answering these Interrogatories that you claim is privileged or otherwise immune from discovery, please furnish a list identifying each document for which the claim is asserted, together with the following information: (a) the type of document (e.g., letter, memorandum, etc.); (b) the general subject matter of the document; (c) the title (if any) of the document; (d) the date of the document; (e) the author(s) of the document; (f) the identity of each person to whom the document was

- 4 -

addressed, distributed or shown; (g) where not apparent, the relationship of the author(s), addresse(s), and recipient(s) to each other; and (h) any other information that will enable the court to assess the applicability of the privilege or protection claimed.

22.    Unless otherwise indicated, the relevant time period is from January 1, 2003 to the present.

## **INTERROGATORIES**

1.    Describe whether NPA markets the LiceMeister comb as an alternative to lindane medications.

**RESPONSE:**


2.    Identify the composition of NPA's scientific advisory board throughout NPA's existence, including every person who serves or has served on NPA's scientific advisory board and the dates of service for each (including whether each is a current member).

**RESPONSE:**


3.    Describe all testimony (given under oath) by Deborah Altschuler.

**RESPONSE:**


4.    Describe all communication and/or assistance that NPA (including Deborah Altschuler) has given to attorneys and/or parties in law suits involving lindane medications (including Kwell, Lindane Lotion, Lindane Shampoo, etc).

**RESPONSE:**

5.     State the entirety of your knowledge regarding the drafting and revision of the www.wikipedia.org web page for "lindane."

**RESPONSE:**

6.     For each statement or communication in the Complaint attributed to the NPA, describe the process or procedure by which You assembled the statement or communication, including, but not limited to, the supporting research, if any; the drafting; the editing, if any; the peer review, if any; and the dissemination.

**RESPONSE:**

7.     Please describe with specificity the review done, if any, by Dr. David R. Brown; Dr. W. Steven Pray; Jill Reynolds, R.N.; Dr. Robert Truding; Paul Krouner; Philip Lieberman; Gershon Saxe; Leslie Kenney, Linda Menditto; Dan Sheridan; Bethezda Cervantes; and Eric Phan of the statements in the Complaint contributed to the NPA. For each statement, identify and describe with specificity the author of the statement, any reviewers of the statement, and the approximate dates of the drafting and review of the statement.

**RESPONSE:**

Dated: April 11, 2008                Respectfully submitted,

                                     MORTON GROVE PHARMACEUTICALS, INC.

                                     By: _____
                                          One of Its Attorneys

W. Gordon Dobie (wdobie@winston.com)
Timothy Rivelli (trivelli@winston.com)
William C. O'Neil (woneil@winston.com)
Cherish M. Keller (ckeller@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
T:  (312) 558-5600
F:  (312) 558-5700

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2008, I caused to be served a copy of **Morton Grove Pharmaceuticals, Inc.'s Third Set of Interrogatories to the National Pediculosis Association, Inc.** to be served on the following counsel of record by U.S. mail and email:

> Debbie L. Berman
> Jennifer A. Hasch
> Amanda S. Amert
> Wade A. Thomson
> JENNER & BLOCK LLP
> 330 North Wabash Avenue
> Chicago, Illinois 60611
> T: (312) 222-9350
> F: (312) 527-0484

- 8 -

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MORTON GROVE PHARMACEUTICALS, INC. | ) ) ) | |
| Plaintiff, | ) ) | No: 06-CV-3815 |
| v. | ) ) | Judge Bucklo |
| THE NATIONAL PEDICULOSIS ASSOCIATION, INC., ECOLOGY CENTER, INC., WILLIAM WEIL, M.D., | ) ) ) ) | Magistrate Judge Mason  JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

## MORTON GROVE PHARMACEUTICALS, INC.'S
## FIRST SET OF INTERROGATORIES TO
## THE NATIONAL PEDICULOSIS ASSOCIATION, INC.

Pursuant to Federal Rule of Civil Procedure 33, Morton Grove Pharmaceuticals, Inc. ("Morton Grove") hereby requests that Defendant the National Pediculosis Association, Inc. ("NPA") answer the following interrogatories under oath within 30 days of service. Morton Grove also requests, pursuant to Federal Rule Civil Procedure 26(e), that the Ecology Center seasonably amend or supplement its answers hereto.

### DEFINITIONS AND INSTRUCTIONS

1.     The word "document" is used in the broadest possible sense and as used herein means, without limitation, any written, printed, typed, photostated, photographed, recorded or otherwise reproduced communication, or representation, including letters, words, numbers, pictures, sounds or symbols, or combination

thereof, transcripts, correspondence, memoranda, memorialized speeches or conversations, appointment calendars or diaries, reports, financial reports, notes, records, letters, envelopes, telegrams, tape recordings, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, opinions or reports of consultants, appraisals, and all drafts thereof and all other documents or writing, including without limitation any information kept in a computer and/or electronic means. If a document has been prepared in several copies which are not identical, or if additional copies have been made that are no longer identical, or if original identical copies are no longer identical by reason of subsequent notation or other modification of any kind whatsoever, including, but not limited to notations on the front or back pages thereto, each non-identical copy is a separate document and must be produced.

2.    The term "Morton Grove" refers to Morton Grove Pharmaceuticals, Inc. and its successors or predecessors in interest, its parents, subsidiaries, divisions and affiliates, and its officers, directors, agents, employees and independent contractors (including without limitation, its attorneys, accountants, investment bankers and advisors) acting on behalf of Morton Grove and its parents, subsidiaries, divisions, affiliates, and successors or predecessors in interest.

3.    The term "Lindane" refers to the active pharmaceutical ingredient Lindane, the product Lindane Lotion, the product Lindane Shampoo, and any other product containing the active pharmaceutical ingredient.

4.    The terms "NPA," "You," and "Your" refer to the National Pediculosis Association, Inc. and its successors or predecessors in interest, its parents, subsidiaries, divisions and affiliates, and its officers, directors, agents, employees and independent contractors (including without limitation, its attorneys, accountants, investment bankers and advisors) acting on behalf of the National Pediculosis Association, Inc. and its parents, subsidiaries, divisions, affiliates, and successors or predecessors in interest.

5.    The term "communication" means any statement, admission, denial, inquiry, transmission, discussion, conversation, negotiation, agreement, contract, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, electronic mail, telecopier, telegram, telex, facsimile, exchange of information, advertisement, or any other form of written, electronic or verbal intercourse, whether by chance or prearrangement, formal or informal.

6.    The phrases "relating to," "referring or relating to," and "relating to or reflecting" mean concerning, describing, analyzing, evidencing, constituting, or being logically, factually, or legally connected to the matter discussed.

7.    The term "residing," for an individual, means any person who the Ecology Center knows or should know has a mailing address in a State, owns property in a State, or who spends more than one month per year in a State. The term "residing," for a corporation or unincorporated association, means any State where the Ecology Center knows or should know that the entity maintains a

mailing address, its principal place of business, or is incorporated under the laws thereof.

8.     "Person" means any individual (including accountants or attorneys), committee or group of individuals, corporation, *de facto* or *de jure* association, partnership, limited partnership, LLC, sole proprietorship, trust, body, agency, or any other form of business, professional or commercial enterprise or entity, whether private or public.

9.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

10.     Whenever the term "all" is used, it shall also be construed to mean "any" and "each," and vice versa.

11.     Reference to the singular in any of these Interrogatories shall also include a reference to the plural, and reference to the plural shall also include a reference to the singular, so that each Interrogatory shall be construed broadly rather than narrowly.

12.     If you encounter any ambiguity in construing any of these Interrogatories, or any of the definitions or instructions contained in this document, you shall make your best effort to interpret the request, definition or instruction within the context of this litigation.

13.     "Identify" when used with reference to a person means to state the person's full name, present or last known address and telephone number, and when

- 4 -

referring to a natural person, additionally, the present or last known business address and telephone number.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

14.   "Identify" when used in reference to any business or other legal entity means to state the business entity's full name, present or last-known principal place of business, and its nature, function or purpose.

15.   "Identify" when used in reference to a place means to state the street address, city, and state in which that place is situated.

16.   "Identify" when used in reference to a document means to state:  (a) the type of document (e.g., letter, memorandum, telegram, etc.); (b) the general subject matter of the document; (c) the date of the document; (d) the identity of the person(s) who prepared the document; (e) the identity of the person(s) to whom the document was addressed or otherwise directed; (f) the identity of any other recipient(s) of the document; and (g) the document's present location and custodian. As to any document which was, but no longer is, in your possession, state the disposition made of it, and identify the files in which it was kept and the custodian thereof.

17.   "Describe" means to state every material fact and circumstance, specifically and completely, including but not limited to date, time, location, identity of all participants, and whether each fact or circumstance is stated on personal knowledge, information, or belief.

- 5 -

18.    In answering these Interrogatories, furnish all information, however obtained, including hearsay that is available to you and information known by you, in your possession, or appearing in your records.

19.    It is your duty in answering these Interrogatories to conduct a reasonable investigation so that the answers disclose all information available to you.

20.    If you cannot answer any of the following Interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

21.    With respect to any document identified or referenced in answering these Interrogatories that you claim is privileged or otherwise immune from discovery, please furnish a list identifying each document for which the claim is asserted, together with the following information: (a) the type of document (e.g., letter, memorandum, etc.); (b) the general subject matter of the document; (c) the title (if any) of the document; (d) the date of the document; (e) the author(s) of the document; (f) the identity of each person to whom the document was addressed, distributed or shown; (g) where not apparent, the relationship of the author(s), addresse(s), and recipient(s) to each other; and (h) any other information that will enable the court to assess the applicability of the privilege or protection claimed.

22.     Unless otherwise indicated, the relevant time period is from January 1, 2003 to the present.

## INTERROGATORIES

1.     Identify all employees, agents, or third parties who acted at Your direction, who were or are involved in Your efforts to inform consumers of the alleged dangers of Lindane or the alleged comparative benefits of Your products, including any such individuals who have conducted or reviewed any research, studies, or tests referring or relating to Lindane.

RESPONSE:


2.     Identify all persons or entities to whom You, or any third party acting at Your suggestion or direction, have disseminated any documents to referring or relating to Lindane or Morton Grove, including, but not limited to, brochures, pamphlets, letters, correspondence, newspaper opinion pieces, "fact sheets," magazine or journal articles of any kind, press releases, and all other public relations materials.     For each such person or entity, identify the specific document(s) they received and the approximate date they received them.

RESPONSE:


3.     Describe the circumstances under which You became involved in activities relating to Lindane.

**RESPONSE:**

4.    Identify all employees, agents, representatives, or third parties who acted at Your suggestion or direction in preparing any document or communication referring or relating to Lindane.

**RESPONSE:**

5.    For each statement or communication identified in Paragraphs 23 through 31 of the Second Amended Complaint, describe the process or procedure by which You assembled the statement or communication, including, but not limited to, the supporting research, if any; the drafting; the editing, if any; the peer review, if any; and the dissemination.

**RESPONSE:**

6.    Identify any and all witnesses with knowledge of any facts or circumstances relating to any of the claims or defenses in this litigation. For each such witness, state the facts or circumstances known to such witness.

**RESPONSE:**

7.    Identify any and all expert witnesses You intend to rely upon to support any of your claims or defenses in this litigation.

**RESPONSE:**

8.    Describe any communications referring or relating to Lindane between You and any government agency, including, but not limited to, the Food and Drug Administration (FDA), the Environmental Protection Agency (EPA), and the Center for Disease Control (CDC).

   RESPONSE:


9.    Describe any communications referring or relating to the LiceMeister product between You and any government agency, including, but not limited to, the Food and Drug Administration (FDA), the Environmental Protection Agency (EPA), and the Center for Disease Control (CDC).

   RESPONSE:


10.    Describe any communications referring or relating to the letter sent to You by Morton Grove dated January 22, 2007, concerning certain statements made by You, including, but not limited to, any defenses You may have to such statements and any retractions or alterations to Your website that You have made or contemplated making.

   RESPONSE:

11.    Identify all persons or entities who are involved in efforts to ban the sale or use of Lindane with whom You, or any third party acting at Your suggestion or direction, have cooperated or collaborated, or to whom You have given assistance, in connection with their efforts, and describe that cooperation, collaboration, or assistance.

RESPONSE:


12.    Describe any communications referring or relating to Lindane that You have had with any person or entity associated with Wikepedia.com or the Wikimedia Foundation or with any person or entity that is involved or associated with the distribution of documents or communication about Lindane, including, but not limited to, authors, publishers, or other websites.

RESPONSE:

Dated: July 23, 2007

Respectfully submitted,

MORTON GROVE PHARMACEUTICALS, INC.

By: _Cherish M Keller_

One of Its Attorneys

W. Gordon Dobie
Timothy J. Rivelli
William C. O'Neil
Cherish M. Keller
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
T: (312) 558-5600
F: (312) 558-5700

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July 2007, I caused to be served a copy of this **Morton Grove Pharmaceuticals, Inc.'s First Set of Interrogatories to the National Pediculosis Association, Inc.** to be served on the following counsel of record by e-mail and U.S. Mail:

Richard M. Waris
James J. Sipchen
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive · Suite 2500
Chicago, Illinois 60606
T: (312) 578-7404
F: (312) 346-8242


Debbie L. Berman
Jennifer A. Hasch
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
T: (312) 222-9350
F: (312) 527-0484