# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1384 | **DATE** | 5/15/2008 |
| **CASE TITLE** | Morton Grove Pharmaceuticals vs. The Nat'l Pediculosis Assoc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to compel answers to interrogatories [30] is granted in part and denied in part. Status hearing on discovery set for 6/26/08 at 9:00 a.m. in courtroom 2214.

■[ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

    Before the Court is plaintiff's motion to compel answers to interrogatories. Plaintiff asks this Court to compel the National Pediculosis Association, Inc. ("NPA") to answer plaintiff's second set of interrogatories. Plaintiff also seeks leave of court to exceed the 25 interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1) if we interpret these interrogatories as having multiple discrete sub-parts.

    NPA objects to answering plaintiff's second set of interrogatories for a variety of reasons. NPA argues that plaintiff has exceeded the 25 interrogatory limit and that the interrogatories are duplicative, burdensome, and largely seek information NPA already provided in response to plaintiff's first set of interrogatories. NPA also argues that a Rule 30(b)(6) deposition is the more efficient means by which plaintiff can obtain the detailed information it seeks.

    To the extent that NPA objects to answering plaintiff's second set of interrogatories because plaintiff has exceeded the 25 interrogatory limit, that objection is overruled. Plaintiff is granted leave to exceed the 25 interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1). However, this Court agrees that plaintiff's second set of interrogatories seek a burdensome amount of detailed information. This Court finds that the more efficient way for plaintiff to obtain the information it seeks would be via a Rule 30(b)(6) deposition. Therefore, plaintiff's motion to compel NPA to answer its second set of interrogatories is denied.

    Plaintiff also asks the Court to order NPA to answer its third set of interrogatories because plaintiff anticipates NPA will object to these interrogatories as well. However, at the time the parties filed their briefs, NPA had not even had the opportunity to answer the third set of interrogatories. Because NPA may have valid objections (other than the 25 interrogatory limit), the Court declines to order NPA to answer these interrogatories in full. This Court expects the parties to meet and confer and to make a genuine effort to resolve any disputes concerning plaintiff's third set of interrogatories prior to seeking court intervention.

    Based on the foregoing, plaintiff's motion is granted to the extent that plaintiff seeks leave to exceed the 25 interrogatory limit. Plaintiff's motion is denied in all other respects.

| | Courtroom Deputy Initials: | KF |
|---|---|---|