IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORTON GROVE PHARMACEUTICALS, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | No: 08-CV-1384 |
| | )<br>) Judge Bucklo |
| THE NATIONAL PEDICULOSIS ASSOCIATION, INC. | ) Magistrate Judge Mason<br>)<br>) |
| Defendants. | )<br>)<br>) |

**MORTON GROVE'S RESPONSE TO THE NPA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO ECOLOGY CENTER SETTLEMENT**

On the heels of Morton Grove's filing of a motion for protective order (Docket No. 44) seeking shelter from the NPA's attempt to raid the files of Morton Grove's lawyers for lobbying strategy documents and privileged communications, the NPA has filed this motion, seeking to compel the production of attorney-to-attorney settlement correspondence between Morton Grove and the Ecology Center, the NPA's former co-Defendant in this action. Apparently unhappy that its former co-Defendant settled this litigation by publicly retracting numerous false statements, the NPA now demands production of the settling parties' negotiations. Morton Grove has already produced the settlement agreement and the Ecology Center's public retractions. The NPA's motion should be denied because, while the settlement itself is relevant, the back-and-forth settlement negotiations are not. This is particularly true given that the settling parties entered into an agreement to keep those negotiations confidential. Moreover, requiring the production of these documents to satisfy the NPA's curiosity will send a chilling policy message that may discourage future litigants from settling civil litigation.

## ARGUMENT

The NPA's attempt to compel the production of the settling parties' negotiations should be denied for the following six reasons:

*First*, strong policy considerations mitigate against producing settlement negotiations. Courts "are generally reluctant to order disclosure of negotiations or documents related to a settlement agreement." *Davenport v. Ind. Masonic Home Found., Inc.*, 2003 WL 1888986, at *2 (S.D. Ind. Mar. 27, 2003) (denying motion to compel production of settlement documents); *Info. Tech. Int'l, Inc. v. ITI of N. Fla., Inc.*, 2002 WL 356509, at *2 (N.D. Ill. Mar. 6, 2002) (plaintiff "does not need to produce any of the documents which set forth the negotiations leading up to the settlement(s). We are not convinced that drafts of the agreement or other such documents are relevant, especially since such production may have a chilling effect on parties' willingness to enter into settlement negotiations. . . . The final agreement should incorporate all previous discussions and is sufficient to help the defendants assess [the former defendant's] credibility and bias."); *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 368-69 (N.D. Ill. 2001) (settlement negotiations have "no probative value" and their disclosure "would undermine the important policy of promoting settlement"); *Clark v. Experian Info. Solutions, Inc.*, 2006 WL 626820, at *6 (N.D. Ill. Jan. 6, 2006) (settlement correspondence "may contain the type of candid 'give and take discussion' that courts have protected from discovery").

*Second*, there is no dispute among the parties that the underlying settlement negotiation documents are *not* relevant. On the very first page of its brief, the NPA states: "Morton Grove maintains that the settlement documents are not relevant . . . . NPA agrees that they are not relevant." The parties may later disagree about the future admissibility of the

retractions made by the Ecology Center, but those documents have been produced and that issue is not currently before the Court.

*Third*, the NPA's stated need for this discovery is satisfied by the documents (the settlement agreement and public retractions) already in its possession. The NPA argues that it needs these documents to "test the validity of" Morton Grove's assertion that the Ecology Center's retraction "is evidence that NPA's statements are false." This cannot possibly be the case. The NPA can fully test the validity of its own statements using the face of the Ecology Center's retraction. The settling parties' back-and-forth negotiations will not aid the NPA in evaluating whether its statements are true or false any more so than the retraction itself will.

*Fourth*, the settling parties expressly agreed to keep their settlement negotiations private and confidential, including specifically agreeing not to share them with the NPA. (Exhibit A.)

*Fifth*, Morton Grove has *not* put the settling parties' negotiations at issue, as the NPA would have this Court believe. Morton Grove has only put in issue the fact that the Ecology Center publicly acknowledged that its statements—which are nearly identical to the NPA's statements—were false and needed to be clarified.

*Sixth,* contrary to the NPA's suggestion, the *inadmissibility* of these documents under Federal Rule of Evidence 408, *does* bear on the *discoverability* of these documents. In order to obtain discovery of evidence that is inadmissible under Rule 408, the party seeking such materials must (1) "show[] that the evidence is admissible for another purpose other than that barred by the Federal Rules of Evidence" or (2) "articulate[] a plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence." *Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 651 (N.D. Ill. 1994) (denying discovery

3

request for settlement negotiations because their proposed use would be barred under Rule 408). The NPA does not and cannot articulate any appropriate purpose for seeking the settling parties' negotiations.[1]

## CONCLUSION

For the reasons listed above, Morton Grove respectfully requests that the Court deny the NPA's motion to compel.

Dated: June 20, 2008                    Respectfully Submitted,

**MORTON GROVE PHARMACEUTICALS, INC.**

By:   /s/ William C. O'Neil
          One of its Attorneys

W. Gordon Dobie (wdobie@winston.com)
Timothy Rivelli (trivelli@winston.com)
William C. O'Neil (woneil@winston.com)
Cherish M. Keller (ckeller@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
T:  (312) 558-5600
F:  (312) 558-5700

---

[1] The motive behind this motion is no mystery to Morton Grove. The NPA filed this motion in an effort to use its $5 million legal defense fund to further harass Morton Grove by angling to turn Morton Grove's trial counsel into a witness. The 2006 Advisory Comments to Rule 408, however, caution against using discovery requests like these to turn lawyers into witnesses, noting: "proof of statements and offers made in settlement would often have to be made through the testimony of attorneys, leading to the risks and costs of disqualification." This is, of course, not the first time the NPA has sought to make Morton Grove's trial counsel a witness—the NPA's first deposition notice was issued to Morton Grove's lead trial counsel. This notice was ultimately only withdrawn after a partner-to-partner conference.

4

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 20th day of June 2008, I caused a copy of **Morton Grove Pharmaceuticals, Inc.'s Response to the National Pediculosis Association, Inc.'s Motion to Compel Production of Documents Related to Ecology Center Settlement** to be served on counsel of record via ECF electronic filing:

> Debbie L. Berman
> Amanda S. Amert
> Wade A. Thomson
> April A. Otterberg
> JENNER & BLOCK LLP
> 330 North Wabash Avenue
> Chicago, Illinois 60611
> T: (312) 222-9350
> F: (312) 527-0484

        /s/ Cherish M. Keller