IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORTON GROVE PHARMACEUTICALS, INC.<br><br>  Plaintiff,<br><br>v.<br><br>THE NATIONAL PEDICULOSIS ASSOCIATION, INC.<br><br>  Defendants. | No: 08-CV-1384<br><br>Judge Bucklo<br>Magistrate Judge Mason |

**PLAINTIFF MORTON GROVE PHARMACEUTICALS, INC.'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Morton Grove Pharmaceuticals, Inc. ("Morton Grove"), by its attorneys, and pursuant to Federal Rule of Civil Procedure 15(a), seeks leave to file an Amended Complaint against Defendant the National Pediculosis Association, Inc. ("NPA"), a copy of which is attached as Exhibit 1. In support of its motion, Morton Grove states as follows:

1. This suit was filed against the NPA approximately four and a half months ago, on March 7, 2008, for violation of the Lanham Act, violation of the Illinois Uniform Deceptive Trade Practices Act, and common law trade disparagement.[1]

2. The parties are currently engaged in discovery. Both parties produced documents on May 31, 2008, and each has made smaller productions since that date. Depositions have begun, with four depositions taken and the bulk of depositions to be scheduled.

---

[1] Morton Grove initially filed suit on February 6, 2007 against the NPA, in the previous case No. 06-CV-3815, which included the same claims along with a claim for defamation. The NPA was severed from that case on November 30, 2007, after which Morton Grove filed this complaint.

3.      Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with leave of court and that "[t]he court should freely give leave when justice so requires." The Supreme Court has stated that leave should freely be given unless factors such as undue delay, undue prejudice, bad faith, previous failures to cure deficiencies, or futility are present. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

4.      Morton Grove's claims center on false and/or misleading statements that the NPA has made on its website, www.headlice.org.[2] Morton Grove's Amended Complaint will provide the Court more information about the context in which these statements were made. These additions are few but significant: (1) information about the NPA's false representation of itself as a "Health professional" on MedWatch forms on its website; (2) information to summarize the effects of the overall context and message of the NPA's website; and (3) additional pages in Exhibit A to the complaint, including pages Morton Grove learned through discovery were among the pages most often hit. These additions conform the pleadings to the evidence and are thus appropriate. *See Cates v. Morgan Portable Bldg. Corp.*, 780 F.2d 683, 690 (7th Cir. 1985) (noting that "a complaint can be amended at any time, even in the court of appeals, to conform to the evidence").

5.      These amendments are important because they provide context for the NPA's false and misleading statements, an important inquiry in a Lanham Act case. *E.g.*, *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 820 (7th Cir. 1999) (stating that false statements fall into two categories: "(1) commercial claims that are literally false as a factual matter; or (2) claims that may be literally true or ambiguous, but which implicitly convey a false impression, *are misleading in context*, or likely to deceive consumers") (emphasis added); *Abbott Labs. v. Mead*

---

[2] This website includes material at the web address www.lindane.org, which is accessible via www.headlice.org/lindane.

*Johnson & Co.*, 971 F.2d 6, 15 (7th Cir. 1992) (criticizing use of name "Ricelyte" because it implied more than the court found permissible, and stating that "[t]he presence of this implied message is even more pronounced when viewed *in the context of [defendant's] entire promotional campaign*") (emphasis added); *see Avis Rent A Car System, Inc. v. Hertz Corp.*, 782 F.2d 381, 385-86 (2d Cir. 1986) ( "Fundamental to any task of interpretation is the principle that text must yield to context. . . . [A] court must consider the advertisement in its entirety and not . . . engage in disputatious dissection. The entire mosaic should be viewed rather than each tile separately") (internal citations and quotations omitted).

6. Amending the complaint will cause no undue delay or undue prejudice to any party. As described above and demonstrated by the redlined version attached as Exhibit 2, the amendments to the complaint are narrow. These few additional allegations are mainly gathered from documents the NPA had in its possession, and Morton Grove plans no additional discovery concerning them. The amendments should require no additional discovery by the NPA either; but in the event that the NPA should wish to serve additional discovery, ample time remains before the September 2nd close of fact discovery.

7. Leave to amend is particularly appropriate where the amended complaint simply provides more details about the claims already stated. *See, e.g.*, *English v. General Elec. Co.*, 765 F. Supp. 293, 297 (E.D.N.C. 1991) ("Although the original complaint was filed more than four years ago, the action is still in discovery and no useful purpose would be served by denying leave to amend the factual allegations of the complaint."); *Taylor v. Reading Co.*, 23 F.R.D. 186, 188, 191 (E.D. Pa. 1958) (granting leave to amend and stating that the amended complaint "supplies greater fullness of detail to the [claim] alleged in the Complaint. Under familiar principles this type of amendment is freely granted.").

8.	Lastly, Federal Rule of Civil Procedure 15(c) provides that an amended complaint relates back to the original pleading where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Because the claims remain unchanged, this Amended Complaint relates back.

WHEREFORE, the Plaintiff, Morton Grove Pharmaceuticals, Inc., respectfully requests that this Court grant it leave to file the Amended Complaint attached as Exhibit 1.

Dated:  July 24, 2008			Respectfully Submitted,

**MORTON GROVE PHARMACEUTICALS, INC.**

By:   /s/ W. Gordon Dobie
       One of its Attorneys

W. Gordon Dobie (wdobie@winston.com)
Timothy Rivelli (trivelli@winston.com)
William C. O'Neil (woneil@winston.com)
Cherish M. Keller (ckeller@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
T:  (312) 558-5600
F:  (312) 558-5700

4

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 24th day of July 2008, I caused a copy of **Morton Grove Pharmaceuticals, Inc.'s Motion for Leave to File Amended Complaint** to be served on counsel of record via ECF electronic filing:

> Debbie L. Berman
> Amanda S. Amert
> Wade A. Thomson
> April A. Otterberg
> JENNER & BLOCK LLP
> 330 North Wabash Avenue
> Chicago, Illinois 60611
> T: (312) 222-9350
> F: (312) 527-0484

          /s/ William C. O'Neil