IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MORTON GROVE PHARMACEUTICALS, INC., </br></br> Plaintiff, </br></br> vs. </br></br> THE NATIONAL PEDICULOSIS ASSOCIATION, INC., </br></br> Defendant. | No. 08-CV-1384 </br></br> Judge Bucklo </br> Magistrate Judge Mason </br></br> **JURY TRIAL DEMANDED** |

**OPPOSITION TO MORTON GROVE PHARMACEUTICALS, INC.'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Morton Grove Pharmaceuticals, Inc. ("Morton Grove") seeks leave to file its *fourth* complaint in the past 18 months against defendant The National Pediculosis Association, Inc. ("NPA"). "While Rule 15 directs that leave to amend shall be 'freely given,' it is properly denied where there is 'undue delay, bad faith, dilatory motive, a repeated failure to cure deficiencies, undue prejudice to the opponent, or where the amendment would be futile.'" *Holmes v. Boehringer Ingelheim Pharms., Inc.*, 237 F. Supp. 2d 885, 887 (N.D. Ill. 2002) (Bucklo, J.) (denying motion for leave to amend complaint because of futility); *Jerrick v. Norfolk & Western Railway Co.*, 124 F. Supp. 2d 1122, 1125 (N.D. Ill. 2000) (Bucklo, J.) (same). That is precisely the case here.

For example, yesterday, just over an hour before Morton Grove filed its motion for leave to file an amended complaint, NPA filed its opposition to Morton Grove's motion to dismiss. In it motion to dismiss, Morton Grove sought dismissal (and sanctions) against NPA for countersuing Morton Grove for statements Morton Grove alleges were protected by the First Amendment because they were made as part of Morton Grove's right to petition the government. (As explained in its opposition and contrary to Morton Grove's claim, NPA did not sue for any

2

statements Morton Grove made to any governmental entities.)  Given Morton Grove's recent arguments to the Court, it is unbelievable that Morton Grove's proposed amended complaint seeks to sue NPA for statements NPA made directly to the United States Food and Drug Administration.  As Morton Grove knows, the First Amendment prohibits liability for statements made directly to a governmental body.  Accordingly, Morton Grove's proposed complaint would be futile and is in bad faith.

Because of these serious deficiencies, as well as others, NPA requests the opportunity to fully brief its opposition to Morton Grove's motion for leave to file amended complaint before the Court rules on it.

Dated:  July 25, 2008                                        Respectfully Submitted,

Debbie L. Berman (#6205154)                      THE NATIONAL PEDICULOSIS
Amanda S. Amert (#6271860)                       ASSOCIATION, INC.
Wade A. Thomson (#6282174)
April A. Otterberg (#6290396)
JENNER & BLOCK LLP                               By:    s/ Debbie L. Berman
330 N. Wabash Avenue                                         One of Its Attorneys
Chicago, Illinois  60611
312-222-9350

## **CERTIFICATE OF SERVICE**

I, Debbie L. Berman, hereby certify that on July 25, 2008, I caused copies of the foregoing **Opposition to Morton Grove Pharmaceuticals, Inc.'s Motion For Leave to File Amended Complaint,** to be served upon the following via electronic filing through the CM/ECF system:

>Timothy Joseph Rivelli (*trivelli@winston.com*)
>W. Gordon Dobie (*wdobie@winston.com*)
>William Charles O'Neill (*woneil@winston.com*)
>Cherish M. Keller (*ckeller@winston.com*)
>WINSTON & STRAWN, LLP
>35 West Wacker Drive
>41st Floor
>Chicago, IL  60601
>Telephone:  (312) 558-5600
>Facsimile:  (312) 558-5700

>s/ Debbie L. Berman  _____
>Debbie L. Berman