# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MORTON GROVE PHARMACEUTICALS, INC., </br></br>Plaintiff,</br></br>v.</br></br>THE NATIONAL PEDICULOSIS ASSOCIATION, INC.,</br></br>Defendant. | No.: 08-CV-1384</br></br>Judge Bucklo</br>Magistrate Judge Mason</br></br>**JURY TRIAL DEMANDED** |

**SUR-REPLY TO MORTON GROVE PHARMACEUTICALS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE
NATIONAL PEDICULOSIS ASSOCIATION, INC.'S COUNTERCLAIM**

In its reply brief in support of its motion to dismiss the counterclaim of the National Pediculosis Association, Inc. ("NPA"), Morton Grove Pharmaceuticals, Inc. ("Morton Grove") makes many new arguments for the first time and also repeatedly misstates the governing law and facts. One misstatement – which goes to one of the central issues in the motion to dismiss – is so egregious that NPA feels compelled to raise this issue with the Court: Morton Grove suggests that the U.S. Food and Drug Administration ("FDA") has made a determination that its website, lindane.com, is not a commercial website, when in fact the FDA has done no such thing.

## ARGUMENT

In its reply, Morton Grove asserts that "the FDA itself has not found www.lindane.com to be a commercial advertisement. (Ex. A, Ltr. from D. Beers to FDA, which the FDA apparently accepted.)." (MG Reply at 6.) NPA alleges in its counterclaim that lindane.com is a commercial advertisement, and Morton Grove is asking the Court to resolve this key factual in deciding Morton Grove's motion to dismiss NPA's counterclaim. Morton Grove's representation concerning the FDA's classification of this website is directly contrary to the recent sworn

deposition testimony of Morton Grove's own employee. No one, including the FDA, has determined that lindane.com is not a commercial website.

As a preliminary matter, Morton Grove chose not to make this argument in its opening memorandum of law even though it has an entire section concerning whether lindane.com is a commercial advertisement, and, therefore, the argument is waived. *See, e.g.*, *Hoffman v. Sumner*, 478 F. Supp. 2d 1024, 1029 n.1 (N.D. Ill. 2007) (Bucklo, J.) (argument waived where it was set forth for the first time in reply brief in support of motion to strike or dismiss counterclaim).

More importantly, Morton Grove's representation is directly contrary to the sworn deposition testimony in this matter of Morton Grove's Director of Regulatory Affairs, Ralph Hodosh. Just a month ago, Mr. Hodosh testified that the FDA had not yet decided whether lindane.com was a commercial website subject to its oversight. (The relevant excerpts of Mr. Hodosh's deposition testimony are Exhibit 1 to this sur-reply, but are filed under seal because Morton Grove designated Mr. Hodosh's entire deposition as confidential.) This is the same Mr. Hodosh who submitted an affidavit on Morton Grove's behalf concerning lindane.com in connection with another motion (Dkt. No. 44, at Ex. P) and that Morton Grove references in its reply brief (MG Reply at 5 n.6).

As Mr. Hodosh's testimony demonstrates, the FDA has not agreed with Morton Grove's arguments that lindane.com does not contain commercial advertisements for Morton Grove's products and therefore does not have to be reviewed and approved by the FDA. To the contrary, the FDA requested information that is submitted in the letter attached to Morton Grove's reply brief as Exhibit A, and is still deciding whether lindane.com is a commercial website subject to its oversight and, if so, whether Morton Grove will be required to make corrections to that

website as it was required to do for other websites concerning its products. (*See* MG Reply at

Ex. A.) Moreover, the FDA certainly has made no determinations – nor could it – as to whether

lindane.com is a commercial website within the meaning of the Lanham Act. That determination

is for the Court to make.

Dated: August 8, 2008                                          Respectfully submitted,

                                                               THE NATIONAL PEDICULOSIS
                                                               ASSOCIATION, INC.

                                                               By:   s/ Debbie L. Berman
                                                                     One of Its Attorneys

Debbie L. Berman (#67205154)
Amanda S. Amert (#6271860)
Wade A. Thomson (#6282174)
April A. Otterberg (#6290396)
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484

3

## CERTIFICATE OF SERVICE

I, Debbie L. Berman, hereby certify that on August 8, 2008, I caused copies of the foregoing **Sur-Reply to Morton Grove Pharmaceuticals, Inc.'s Reply in Support of Its Motion to Dismiss the National Pediculosis Association, Inc.'s Counterclaim,** to be served upon the following via electronic filing through the CM/ECF system, and the sealed exhibit thereto to be served upon the following via messenger:

> Timothy Joseph Rivelli (*trivelli@winston.com*)
> W. Gordon Dobie (*wdobie@winston.com*)
> William Charles O'Neill (*woneil@winston.com*)
> Cherish M. Keller (*ckeller@winston.com*)
> WINSTON & STRAWN, LLP
> 35 West Wacker Drive
> 41st Floor
> Chicago, IL  60601
> Telephone:  (312) 558-5600
> Facsimile:  (312) 558-5700

                                                                s/ Debbie L. Berman

# EXHIBIT 1

Case 1:08-cv-01384    Document 92-3    Filed 08/08/2008    Page 5 of 6

**EXHIBIT 1 IS FILED SEPARATELY UNDER SEAL
PURSUANT TO THE PROTECTIVE ORDER ENTERED ON APRIL 22, 2008.**