## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1384 | **DATE** | 8/14/2008 |
| **CASE TITLE** | Morton Grove Pharmaceuticals, Inc. Vs. National Pediculous Association, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for a protective order and to quash subpoena [43] is granted in part and denied in part. For further details see text below.

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

In its motion, Morton Grove Pharmaceuticals, Inc. ("Morton Grove") requests that this Court 1) enter a protective order precluding discovery regarding documents relating to Morton Grove's lobbying activities, and 2) quash the subpoena issued to Closerlook, Inc. by the National Pediculosis Association, Inc. ("NPA"). We begin with Morton Grove's request to enter a protective order precluding discovery.

In response to NPA's document requests, Morton Grove has produced the following categories of documents related to its lobbying activities: 1) communications between Morton Grove and any governmental entities or officials; 2) documents that Morton Grove distributed in connection with any lobbying campaign it conducted; 3) documents sufficient to identify those persons involved with Morton Grove's lobbying efforts; and 4) Morton Grove's testimony relating to lindane medications. Motion, p. 3.

Morton Grove refuses to produce documents generally relating to its lobbying strategy and communications by Morton Grove to any doctors, health professionals, or organizations requesting assistance in Morton Grove's lobbying efforts. Morton Grove requests a protective order and argues that these lobbying documents are not relevant to the claims in this case and that NPA's is using its extensive document requests to harass Morton Grove.

In response to Morton Grove's motion, NPA argues that the subject documents should be produced because they are relevant to plaintiff's claims and NPA's counterclaims. In its complaint, plaintiff alleges that NPA's campaign included misinformation regarding plaintiff's lindane medications. In its counterclaims, NPA alleges that Morton Grove made false statements about its lindane-containing products and NPA. NPA further claims that the false statements were made during lobbying activities including in letters Morton Grove sent to health care professionals and on Morton Grove's website, lindane.com, which was created by Closerlook.

**STATEMENT**

This Court finds that Morton Grove's documents related to lobbying strategy are not relevant to any of the pending claims or counterclaims. Therefore, Morton Grove does not have to produce documents regarding its lobbying strategy.

However, this Court will not rule on the category of documents including the communications by Morton Grove to doctors, health professionals, or organizations requesting assistance in Morton Grove's lobbying efforts at this time. This Court will reserve ruling of this issue until Morton Grove's motion to dismiss NPA's counterclaim [66] is ruled on by the District Court Judge.

In its motion, Morton Grove also requests that this Court quash the subpoena issued to Closerlook, Inc. ("Closerlook") by NPA. Morton Grove defines Closerlook as the vendor that developed its lobbying website, www.lindane.com. Based on this definition, Morton Grove makes similar arguments to those raised in connection with the lobbying documents. Morton Grove argues that its lobbying documents are not relevant. NPA responds that Closerlook developed more than a lobbying website for Morton Grove. NPA alleges that www.lindane.com is a marketing tool.

Morton Grove's request that NPA's subpoena be quashed is denied in part. NPA may subpoena Closerlook for documents. However, NPA may not request documents regarding lobbying strategy. In addition, if Closerlook possesses any documents that fall into the category of documents of communications by Morton Grove to any doctors, health professionals, or organizations requesting assistance in Morton Grove's lobbying efforts, those documents should not be produced until a ruling has been made on that issue.

Morton Grove asserts that some of the documents within Closerlook's control may fall with the attorney-client or work product doctrine privileges. Morton Grove is ordered to provide NPA with a detailed privilege log of the documents that fall within the categories of attorney-client and work product doctrine privileges .

Finally, NPA requests that this Court order Morton Grove to pay NPA's costs for this motion. NPA does not provide the basis for its request for costs. NPA's request for costs is denied.