## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine Bucklo | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1384 | **DATE** | 8/14/2008 |
| **CASE TITLE** | Morton Grove Pharmaceuticals vs. National Pediculous Association, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant the National Pediculosis Association, Inc's ("NPA") motion to compel production of documents related to Ecology Center settlement [49] is denied. For further details, see text below.

■[ For further details see text below.]

Docketing to mail notices.

---

### STATEMENT

The document request at issue is request number 5 of NPA's third set of document requests to Morton Grove Pharmaceuticals, Inc. ("Morton Grove"). NPA requests "all documents relating to Morton Grove's settlement with the Ecology Center, Inc., including, but not limited to settlement agreements, drafts or proposals exchanged between the parties, correspondence with the Ecology Center or others regarding the settlement, documents relating to paragraphs 30, 35, 39, and 43 of Morton Grove's complaint, and public statements made by Morton Grove about the settlement." Ex. 4, no. 5 to Motion to Compel.

In response to NPA's document request no. 5, Morton Grove produced its final settlement agreement with Ecology Center, the related court filing, the document posted on the Ecology Center's website as a result of the settlement and any written public statements made by Morton Grove regarding the settlement. Ex. 4, no. 5 to Motion to Compel. In its motion to compel, NPA argues that it is also entitled to the negotiation documents leading to Morton Grove's settlement with the Ecology Center and Morton Grove's internal documents relating to the settlement. Morton Grove objects to this request because it seeks documents protected by the attorney-client privilege and by a non-disclosure agreement. Morton Grove also objects to the request to the extent it seeks documents that are not relevant to ths action or admissible in this action.

NPA responds that Morton Grove should produce these documents because Morton Grove has put them at issue in this case by stating in its complaint that Ecology Center, a former defendant in a separate action, published a retraction that clarifies similar statements to those in dispute in this case. Complaint, ¶¶ 30, 35, 39, 43. NPA expounds that the documents regarding the negotiations should be produced in addition to those previously produced because the "inducements that Morton Grove may have offered the Ecology Center ... are relevant because they bear directly on the credibility of the entire settlement agreement, *i.e.* whether or not that settlement was simply a sham for Morton Grove to use against NPA in this lawsuit."

| STATEMENT |
| --- |

Reply, p. 3.  However, Morton Grove has not put the credibility of its settlement with Ecology Center at issue in this case.  The documents previously produced by Morton Grove regarding the settlement are sufficient to satisfy the issues it raises in paragraphs 30, 35, 39, and 43 of its complaint.

Courts are generally reluctant to order disclosure of negotiations or documents related to a settlement agreement.  *See Information Technologies International, Inc. v. ITI of Northern Florida, Inc.*, 2002 WL 356509 (N.D.Ill); *Davenport v. Indiana Masonic Home Foundation, Inc.*, 2003 WL 1888986 (S.D. Ind).  Morton Grove does not need to produce any of the documents which set forth the negotiations leading up to the settlement.  We are not convinced that drafts of the agreement or such documents are relevant.

NPA attempts to prove its arguments by arguing that Federal Rule of Evidence Rule 408 does not apply.  As NPA correctly points out, Rule 408 is not a bar to discovery of settlement materials.  Rule 408 regulates documents that are admitted into evidence.  At this point of litigation, whether or not the settlement agreement will be admitted into evidence is not at issue.

Based on the foregoing, defendant's motion to compel is denied.