## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1384 | **DATE** | 8/18/2008 |
| **CASE TITLE** | Morton Grove Pharmaceuticals, Inc. Vs. The National Pediculosis Association | | |

**DOCKET ENTRY TEXT**

Plaintiff Morton Grove Pharmaceuticals, Inc.'s motion (77) for leave to file a fourth amended complaint is granted. See Minute Order for details.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

### STATEMENT

Plaintiff Morton Grove Pharmaceuticals, Inc.'s motion for leave to file a fourth amended complaint is granted.

Plaintiff's proposed amendments consist of a few citations of specific websites and approximately three and half paragraphs of allegations concerning the materials allegedly posted on defendant NPA's website. There is no dispute among the parties that these proposed amendments do not materially alter the claims in the complaint in "any substantive way." (Def. Br. at 8.)

Leave to amend is to be "freely given" under Fed. R. Civ. P. 15(a). *U.S. ex rel. Fowler v. Caremark RX, L.L.C*, 496 F.3d 730, 740 (7th Cir. 2007). A court may deny a proposed amendment if "the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice or if the pleading is futile." *Id*. (quotation omitted). The proposed amendments do not create undue prejudice to defendant, as it has been aware of the underlying claims and the relevant facts (i.e. the websites at issue) prior to the filing of this motion. There is nothing to suggest that NPA's efforts to prepare a defense are impeded are as a result of the proposed amendments. Discovery is still open in this case and if additional time is needed to complete any additional discovery concerning the proposed amendments, then this court will entertain the appropriate motion. Nor is the amendment futile as argued by defendant. Even assuming the Lanham Act claim is subject to the pleading requirements of Rule 9(b), the proposed amended complaint sufficiently identifies specific statements and advertising claims that are the basis of count I. Defendant's remaining arguments concerning the futility of the proposed amendments fail when the facts in the complaint are taken as true. Specifically, false and misleading speech is not protected by the First Amendment and there are issues of fact surrounding NPA's submission of MedWatch forms to the FDA. Finally, I do not find there to be an unreasonable delay; as noted, discovery remains open in this case. Accordingly, the motion for leave to file an amended complaint is granted.