# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MORTON GROVE PHARMACEUTICALS, INC., | ) | |
| | ) | No.:  08-CV-1384 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Bucklo |
| | ) | Magistrate Judge Mason |
| THE NATIONAL PEDICULOSIS | ) | |
| ASSOCIATION, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF WADE A. THOMSON IN SUPPORT OF**
**DEFENDANT THE NATIONAL PEDICULOSIS ASSOCIATION, INC.'S**
**MOTION TO EXTEND THE TIME ALLOWED FOR DISCOVERY**

I, Wade A. Thomson, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am one of the attorneys for defendant the National Pediculosis Association, Inc. ("NPA") in this matter.

2.      The statements made in this declaration are based on my personal knowledge.

3.      Before plaintiff Morton Grove Pharmaceuticals, Inc. ("Morton Grove") re-filed this action against NPA on March 7, 2008, the parties had engaged in discovery.  Both parties had produced documents and issued and responded to interrogatories, but no depositions had been taken.  In addition, during Morton Grove's nearly three-month delay between the Court's severance of NPA as improperly joined and Morton Grove's re-filing of its complaint, NPA was unable to file two contemplated motions to compel as to certain documents Morton Grove had refused to produce.

4.      Since Morton Grove re-filed its complaint on March 7, 2008, Morton Grove has served three more sets of document requests, ten more interrogatories, and thirty requests for admission served by Morton Grove.

5.      Morton Grove's March 7, 2008 re-filed complaint placed three new NPA statements at issue.  At the time the new complaint was filed, the parties had not yet taken discovery regarding those statements.

6.      In early May, NPA served a subpoena on a third party, Closerlook, Inc., the company that designed Morton Grove's website, lindane.com, seeking documents and a deposition related to the development of lindane.com and its use for marketing Morton Grove's lindane products.

7.      On June 9, 2008, I wrote to William O'Neil, counsel for Morton Grove, seeking dates for depositions of two current Morton Grove employees, Ralph Hodosh and Surenda Chirra.  (*See* Exhibit A, attached hereto.)  In the same letter, I also asked Mr. O'Neil to clarify which persons Morton Grove's attorneys represented for purposes of this lawsuit, including four non-party witnesses that Morton Grove had identified in its interrogatory responses as having knowledge of the alleged falsity of the NPA statements at issue in Morton Grove's lawsuit.  (*Id.*)

8.      On June 16, Mr. O'Neil responded that although the non-party witnesses would not be produced for depositions voluntarily, they would represent the witnesses if necessary.

9.      On June 18, 2008, I sent Mr. O'Neil another letter requesting dates for depositions of seven current or former Morton Grove employees identified in Morton Grove's Rule 26(a)(1) disclosures.  (*See* Exhibit B, attached hereto.)

10.     On June 26, 2008, I sent Mr. O'Neil a letter in which I prioritized the order for depositions of the Morton Grove witnesses I had previously identified.  (*See* Exhibit C, attached hereto.)

11.     Morton Grove provided dates in a piecemeal fashion for the depositions of the seven Morton Grove current or former employees identified in my June 18 letter.  On July 3, I

followed up with Mr. O'Neil and noted that in response to my June 18 letter, Morton Grove had

provided a date for only one deponent, Pat McGrath.  (*See* Exhibit D, attached hereto.)

12.     Morton Grove served notices of deposition on NPA on June 2, 2008.  Morton

Grove took the depositions of Jane Cotter, NPA's only current employee, and Dan Sheridan, a

former NPA employee, on July 1 and 2, respectively.  Morton Grove also requested a deposition

of NPA's president, Deborah Altschuler, and NPA has provided September 24 and 25 as dates

for her two-day deposition.

13.     NPA deposed Mr. Hodosh on July 8 and Mr. Chirra on July 11.

14.     By July 16, Morton Grove still had not provided dates for depositions of four

current or former Morton Grove employees.  Accordingly, on that date, NPA served a Notice of

Depositions for these four witnesses.

15.     Though NPA has been able to schedule some depositions, including one on the

last day of the current fact discovery period, Morton Grove has not yet provided a date for the

deposition of Brian Tambi, a former Morton Grove CEO listed in Morton Grove's Rule 26(a)(1)

disclosures as having knowledge of Morton Grove's sales and marketing efforts for its lindane

products.

16.     As to the four non-party witnesses identified in Morton Grove's interrogatory

responses as having knowledge of the alleged falsity of NPA statements, NPA's process servers

effectuated service on all four non-party witnesses between June 20 and 27.

17.     On June 27, Morton Grove's attorneys informed NPA that, contrary to their

previous assertions, they did *not* represent three of the non-party witnesses.  (*See* Exhibit E,

attached hereto.)

18.     On July 7, Morton Grove's attorneys again reversed course and informed NPA that they now represented two more of the non-party witnesses.  (*See* Exhibit F, attached hereto.) On the same date, they also served objections to NPA's subpoenas and subpoenas duces tecum on behalf of the non-party witnesses.  (*See id.*)  Concurrent with the service of the witnesses' objections, Morton Grove's attorneys suggested discussing narrowing the subpoena but stated that a meet and confer would not be "terribly productive" if NPA was not willing "to drop its requests for depositions and severely limit its document requests."  (*Id.*)

19.     One of Morton Grove's counsel, William O'Neil (on behalf of the non-party witnesses), and I met and conferred by telephone on July 16, 2008 regarding NPA's subpoenas to non-party witnesses.  (*See* Exhibit G, attached hereto.)  I informed him that NPA was willing to limit the scope of the document requests and to discuss a short deposition once it better understood the types and amounts of information the witnesses had.  (*See id.*)  Morton Grove's attorneys requested a time limit for the deposition and that NPA pay the witnesses' hourly rates. (*See id.*)

20.     Because the parties had satisfied their meet and confer obligations under Local Rule 37.2, on July 28, NPA filed a motion to compel the compliance with NPA's subpoena of Dr. Amy Paller, the only non-party witness who resides in this judicial district.  This motion remains pending before Magistrate Judge Mason.

21.     Morton Grove's amended complaint, filed August 18, 2008, raises several new issues that have not previously been the subject of significant discovery.  Among those issues are (1) Morton Grove's new allegations as to NPA's completion of MedWatch forms that it then sent to the U.S. Food and Drug Administration; (2) Morton Grove's new allegations of specific ways the "overall context and message of NPA's website" supposedly create false impressions or have

harmed Morton Grove; and (3) Morton Grove's new allegations that NPA's actions allegedly violate the "norms and rules of advertising established by the FTC."

22.    On August 15, 2008, I sent a letter to Mr. O'Neil in which I informed him that NPA would be seeking a Rule 30(b)(6) deposition of Morton Grove. (*See* Exhibit H, attached hereto.)

23.    NPA served a Notice of Rule 30(b)(6) Deposition on August 22, 2008. (*See* Exhibit I, attached hereto.)

24.    On August 19, 2008, I emailed Mr. O'Neil and proposed that the parties jointly move to extend discovery and other case deadlines in this case. The schedule I proposed is the same as that proposed in NPA's motion. (*See* Exhibit J, attached hereto.)

25.    On August 21, 2008, I received a letter from Mr. O'Neil in which Mr. O'Neil stated that Morton Grove would not agree to NPA's proposed extension of time. (*See* Exhibit K, attached hereto.)

26.    On August 22, 2008, I engaged in a meet and confer with Mr. O'Neil regarding the discovery schedule. After the meet and confer, I sent an email to Mr. O'Neil proposing a more limited extension of fact discovery contingent on Morton Grove's agreements to provide certain long-outstanding discovery information, such as a date for the deposition of Brian Tambi, a former Morton Grove CEO. (*See* Exhibit L, attached hereto.) In my email, I indicated that if NPA did not hear from Morton Grove as to the proposal before noon on Monday, August 25, 2008, NPA would file a motion to extend the time allowed for discovery. (*Id.*)

27.    Shortly before filing, and after the noon deadline, I received an email from Mr. O'Neil indicating that Morton Grove refused to agree even to NPA's more limited discovery proposal. (*See* Exhibit M, attached hereto.)

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 25th day of August, 2008.

    s/ Wade A. Thomson    
Wade A. Thomson

# EXHIBIT A

**JENNER&BLOCK**

June 9, 2008

Jenner & Block LLP        Chicago
330 N. Wabash Avenue     New York
Chicago, IL 60611-7603   Washington, DC
Tel 312 222-9350
www.jenner.com

**BY ELECTRONIC MAIL**

William C. O'Neil
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois  60601

Wade A. Thomson
Tel  312 840-8613
Fax 312 840-8713
wthomson@jenner.com

Re:    *Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Association, Inc.*
       **Case No. 08-CV-1384 (N.D. Ill.)**

Dear Bill:

I am in receipt of your email and deposition notices you sent last week.  As a preliminary matter,
we look forward to cooperating with you to schedule the dates for all depositions so that they
accommodate the schedules of the witnesses and attorneys.

As to your three deposition notices, we will represent each of those individuals for their
depositions.  But, as you are aware from NPA's initial disclosures, Mr. Sheridan and Ms. Cotter
reside in the greater Boston area, and Ms. Cervantes resides in Arizona.  As non-parties who live
out of state, these individuals need to be deposed where they live.  We believe that we can find
dates for depositions of Ms. Cotter and Mr. Sheridan in the Boston area near the dates you
proposed, and we believe scheduling them for a single trip would be the most efficient use of
resources for all involved.  Please let us know if there are back-to-back dates or a three-day
period that you and/or your colleagues could travel to the Boston area to do these depositions and
we would be happy to see what we can work out with Ms. Cotter and Mr. Sheridan to
accommodate.  We are checking with Ms. Cervantes for dates she can make herself available in
Arizona.  Ms. Cervantes is not in good health and may require special accommodations (i.e.,
splitting the deposition between two days, etc.) for her deposition, depending on how she is
doing.

On a related matter, in its recent Rule 26.1 disclosures, Morton Grove states that all present and
former employees or affiliates should be contacted only through Winston & Strawn LLP.  Please
confirm that your firm represents the current and former Morton Grove employees listed in its
recent 26.1 disclosures.  Also, to the extent Winston & Strawn is representing any "affiliates"
please explain exactly who that is.  Additionally, please confirm whether your firm is
representing Dr. Shayne Gad, Dr. Adelaide A. Herbert, Dr. Amy S. Paller, and Dr. Tor
Shwayder.  Please provide us responses to these as soon as possible so that we can plan
depositions accordingly.

In hopes of cooperating to schedule the depositions in a manner that will accommodate
everyone's schedules, we would like to inquire about availability of some witnesses prior to

William C. O'Neil
June 9, 2008
Page 2

sending deposition notices.  NPA would like to take the depositions of Mr. Surendra Chirra and Mr. Ralph Hodosh in early July.  Please let me know if either or both of them will be available to come to our offices for a deposition during the week of July 7, 2008.  If so, please let me know which days they would be available.  We would prefer these depositions be separated by at least two full days.  Alternatively, if one or both of them is not available that week, please let me know their availability the following week.

Sincerely,

Wade A. Thomson

cc:    Debbie L. Berman
       Amanda S. Amert

# EXHIBIT B

# JENNER&BLOCK

June 18, 2008

Jenner & Block LLP          Chicago
330 N. Wabash Avenue        Dallas
Chicago, IL 60611           New York
Tel 312-222-9350            Washington, DC
www.jenner.com

**BY ELECTRONIC MAIL**

William C. O'Neil
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, Illinois  60601

Wade A. Thomson
Tel  312 840-8613
Fax  312 840-8713
wthomson@jenner.com

Re:   ***Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Association, Inc.***
      **Case No. 08-CV-1384 (N.D. Ill.)**

Dear Bill:

I write to inquire as to the availability of the following witnesses for depositions: Paula Grist,
William Goldberg, Brian Tambi, Pat McGrath, Richard O'Hara, Dr. Chang Lee, and Richard
Lopatin.  We would like to take these depositions during the final three weeks of July and the
first three weeks of August.  Please let us know what weeks during this time period are generally
convenient for these witnesses and we will do our best to work with you to find convenient days
during those weeks to schedule their depositions.

Sincerely,

Wade A. Thomson

cc:    Debbie L. Berman
       Amanda S. Amert

# EXHIBIT C

**JENNER&BLOCK**

June 26, 2008

Jenner & Block LLP    Chicago
330 N. Wabash Avenue    Dallas
Chicago, IL 60611    New York
Tel 312-222-9350    Washington, DC
www.jenner.com

**BY ELECTRONIC MAIL**

William C. O'Neil
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, Illinois 60601

Wade A. Thomson
Tel 312 840-8613
Fax 312 840-8713
wthomson@jenner.com

**Re:**    *Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Association, Inc.*
      **Case No. 08-CV-1384 (N.D. Ill.)**

Dear Bill:

Per our discussion today after Court, we would like to prioritize the scheduling of depositions as follows:

First: Paula Grist and Dr. Pat McGrath;

Second: Richard O'Hara, Dr. Chang Lee and Richard Lopatin;

Third: Brian Tambi and William Goldberg.

As you know, dates for the depositions of Drs. Gad (Aug. 20), Hebert (July 31), Paller (Aug. 7) and Shwayder (Aug. 5) are set forth in their subpoenas. We plan on going ahead with those dates unless we hear from you that they are not feasible for those witnesses. (As we previously informed you, Dr. Shwayder is evading service of his subpoena, but we assume that we will go forward with his noticed date once service is completed.)

Given our fact discovery deadline, we would like to schedule all the above depositions during the final two weeks of July and the first three weeks of August. Please let us know convenient date ranges for these witnesses and we will do our best to work with you to find convenient days to schedule their depositions.

Sincerely,

Wade A. Thomson

cc:    Debbie L. Berman
      Amanda S. Amert

# EXHIBIT D

**JENNER&BLOCK**

July 3, 2008

Jenner & Block LLP          Chicago
330 N. Wabash Avenue        Dallas
Chicago, IL 60611           New York
Tel  312-222-9350           Washington, DC
www.jenner.com

**BY ELECTRONIC MAIL**

William C. O'Neil                        Wade A. Thomson
Winston & Strawn LLP                     Tel  312 840-8613
35 W. Wacker Drive                       Fax  312 840-8713
Chicago, Illinois  60601                 wthomson@jenner.com

Re:   *Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Association, Inc.*
      **Case No. 08-CV-1384 (N.D. Ill.)**

Dear Bill:

I write in response to your email and letter dated June 27, 2008, and about deposition scheduling.

In your June 27 letter, you state that Winston & Strawn represents Dr. Gad but that he will not voluntarily sit for a deposition and will not appear on the date noticed for deposition in his subpoena.  Dr. Gad has been properly served with the subpoena and thus is required by Court order to produce documents by July 15 and then sit for his deposition on August 20.  If your or your client intend on not complying with the Court's order, you need to get this issue resolved by the Court prior to July 15.  Otherwise, we will file a motion for rule to show cause and seek our costs and fees.  Moreover, we will vigorously oppose any effort to quash this subpoena or to seek a protective order.  We find it incredible that Morton Grove continues to assert that his deposition is irrelevant.  He is identified repeatedly in Morton Grove's responses to NPA interrogatories as a person with knowledge of the allegations in Morton Grove's complaint. Accordingly, we intend to ask for costs and fees in opposing any such unwarranted motion.

As for other deposition scheduling matters, my letters of June 18 and June 26 asked for deposition dates for seven other Morton Grove witnesses.  To date, Morton Grove has only offered one date for one witness, Mr. McGrath.  Please provide us possible dates for the other witnesses by next Wednesday.

Finally, we accept July 30 for Mr. McGrath's deposition at our office.  We will send you a deposition notice shortly.

Sincerely,

Wade A. Thomson

cc:   Debbie L. Berman

# EXHIBIT E

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND<br><br>99 GRESHAM STREET<br>LONDON EC2V 7NG<br><br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703<br><br>(312) 558-5600<br><br>FACSIMILE (312) 558-5700<br><br>www.winston.com | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193<br><br>25 AVENUE MARCEAU<br>75116 PARIS, FRANCE<br><br>101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894<br><br>1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

WRITER'S DIRECT DIAL NUMBER
(312) 558-5308
woneil@winston.com

June 27, 2008

**VIA EMAIL**
Wade A. Thomson
Jenner & Block LLP
330 N. Wabash Ave.
Chicago, IL  60611

> **Re:**    *Morton Grove v. NPA*

Dear Wade:

I write in reply to your June 26th letter about scheduling depositions.

Regarding the four doctors, my firm represents only Dr. Gad at this point.  Dr. Gad vehemently objects to sitting for a deposition and Morton Grove and Dr. Gad will formally object to your subpoena in a timely fashion.  At this point, however, based on Dr. Gad's objections to the NPA's subpoena, you should be aware that Dr. Gad is not willing voluntarily sit for a deposition and will not appear on the date noticed.

With regard to the other doctors, we do not represent Drs. Paller or Hebert, and Morton Grove also objects to the NPA's taking of their depositions.  If these third parties should agree to be deposed on the dates you have noticed, those dates will work for our office.  As for Dr. Shwayder, we also do not currently represent him. We can discuss his deposition if and when he is properly served.

With regard to the depositions of current and former Morton Grove employees, we maintain our objection to exceeding ten depositions per party.  I will get back to you with dates for some of the individuals in the order of priority you have requested.

Best regards,

William C. O'Neil

# EXHIBIT F

## Thomson, Wade A

| | |
|---|---|
| **From:** | O'Neil, William C. [WOneil@winston.com] |
| **Sent:** | Monday, July 07, 2008 7:51 PM |
| **To:** | Thomson, Wade A |
| **Cc:** | Dobie, W. Gordon; Keller, Cherish M.; Berman, Debbie L |
| **Subject:** | Objections to Subpoenas Served on Dr. Gad & Dr. Hebert |
| **Attachments:** | Dr. Gad's Objections to NPA's Subpoena.pdf; Dr. Hebert's Objections to NPA's Subpoena.pdf; Dr. Paller's Objections to NPA's Subpoena.pdf |

Wade,

This confirms that Winston & Straw represents Doctors Gad, Paller and Hebert. Attached please find their timely objections to the subpoenas issued upon them by the NPA.

Furthermore, I am in receipt of your letters of July 3 and of this evening. I strongly disagree with your understanding of the facts and the law with respect to third party subpoena deponents. As I mentioned when we spoke via phone today, it is the law that once a third-party's files timely objections to a subpoena, it becomes the subpoena proponent's burden to move to compel against the witnesses in his home jurisdictions. *See* 9 Moore's Federal Practice & Procedure § 45.41[2][b] ("If a timely written objection to production or inspection commanded by a subpoena is lodged, the person subject to the subpoena is excused from compliance unless a court order is obtained enforcing the subpoena. An objection, therefore, presumptively excuses compliance, and the burden is shifted to the party serving the subpoena to bring a motion to compel the production or inspection.")

Nevertheless, as you suggest, I am willing to discussing a narrowing of these subpoenas by your client. The next available time I have is July 14 at 9:30 AM. Unless, however, the NPA is willing to drop its requests for depositions and severely limit its document requests, this call may not be terribly productive. These are busy physicians who are not willing to take time away from their time at indigent medical clinics and teaching responsibilities for this matter solely because they, like anyone else who has studied the issues, have knowledge that NPA's statements are false. I reiterate that Morton Grove has not disclosed these witnesses pursuant to Rule 26(a). Further, to the extent you claim these witnesses are knowledge regarding lindane.com, Morton Grove's lobbying website, there is a pending motion for protective order on that topic. .

Regards,

Bill

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*******************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

# EXHIBIT G

## Thomson, Wade A

**From:**   Thomson, Wade A
**Sent:**   Wednesday, July 16, 2008 12:36 PM
**To:**   O'Neil, William C.
**Subject:** RE: MGP v. NPA - NPA upcoming discovery responses

Bill,

As we discussed today, the parties are at an impasse regarding the subpoenas for Drs. Paller, Schwayder, Hebert and Gad. As I explained, NPA was willing to narrow the scope of documents sought but needed to know the universe of documents first. NPA was not willing at this point to forego depositions, commit to specific time limits on the depositions (in light of the fact we do not have documents and do not know the scope of their factual knowledge; although I said NPA anticipated the depositions to probably be around a half-day or so), or willing to pay the deponents' hourly rates. Therefore NPA will file motions to compel.

Thanks, Wade

---

**From:** O'Neil, William C. [mailto:WOneil@winston.com]
**Sent:** Wednesday, July 16, 2008 11:10 AM
**To:** Thomson, Wade A
**Subject:** RE: MGP v. NPA - NPA upcoming discovery responses

Per our phone conversation, this is agreed.

> **From:** Thomson, Wade A [mailto:WThomson@jenner.com]
> **Sent:** Tuesday, July 15, 2008 4:41 PM
> **To:** O'Neil, William C.
> **Subject:** MGP v. NPA - NPA upcoming discovery responses
>
> Bill,
>
> NPA's responses to MGP's 2nd Set of RFAs, 6th Set of Doc Reqs, and 4th Set of Interrogatories are due on July 21. Because of our schedules over the next couple of weeks, we would like an extension of two weeks until August 4. Please let me know when you have the chance. Thanks, Wade

**Wade A. Thomson**
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 840-8613
Fax (312) 840-8713
WThomson@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient (s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

# EXHIBIT H

# JENNER&BLOCK

August 15, 2008

Jenner & Block LLP          Chicago
330 N. Wabash Avenue        Dallas
Chicago, IL 60611           New York
Tel 312-222-9350            Washington, DC
www.jenner.com

**BY ELECTRONIC MAIL**

William O'Neil
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, Illinois  60601

Wade A. Thomson
Tel  312 840-8613
Fax  312 840-8713
wthomson@jenner.com

Re:  *Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Association, Inc.*
     Case No. 08-CV-1384 (N.D. Ill.)

Dear Bill:

I write to memorialize our meet and confer from yesterday, which focused primarily on issues
raised in my letter of August 6.

<u>Separation Agreements</u>:  You said that you had not reviewed any of these agreements if they
exist, but assuming that there is no obligation in the agreements owed to the former employees to
not disclose the agreements, Morton Grove will produce the agreements for former Morton
Grove employees prior to their depositions.

<u>Supplemental Documents</u>:  As a possible compromise to address NPA's concerns that we have
the chance to review all relevant documents relating to the FDA Warning Letter and Morton
Grove's concern that it not be forced to search multiple custodians for what you maintain will
likely include be privileged or duplicative documents, you offered for Morton Grove to conduct
searches of Ralph Hodosh's emails for responsive internal documents and emails relating to the
FDA Warning Letter, to produce documents where an attorney was not included on the
distribution list, and not to log on a privilege log those documents that were privileged.  I said we
would take this proposal under advisement.  Without waiving its rights to seek additional
documents or a supplemental privilege log, NPA agrees to your proposal if Morton Grove can
produce these documents by September 5.  If Morton Grove does not agree, please let me know
immediately.

As for Wockhardt documents, you indicated that later this week or early next week, Morton
Grove will be producing from Wockhardt (1) financial documents post-June 2007 and (2)
competitive marketing documents discussed in the deposition of Paula Grist.  I indicated that
NPA remains concerned that there may be current marketing documents within Wockhardt's
possession that would responsive and relevant.  You said that Wockhardt is currently doing no
marketing of lindane products and that the only documents in Wockhardt's possession would be
related to strategies for future marketing initiatives, which you did not see as relevant to this
action.  NPA believes the future marketing documents are relevant because they may discuss
how they will deal with competitors, etc. and because Morton Grove seeks an injunction which
deals with future injury.  However, I agreed to review the forthcoming Wockhardt documents
initially before re-visiting this issue.

William O'Neil
August 15, 2008
Page 2

<u>Morton Grove's responses to NPA's 4th Set of Document Requests</u>:  In Morton Grove's July 22 responses, it objects to Request Nos. 2-10 on the basis of its pending motion for a protective order for "lobbying" documents.  Yesterday you indicated that Morton Grove's objections were perhaps unclear.  You said that Morton Grove has produced or will produce all responsive documents that support the substance of the Morton Grove statements at issue in NPA's Counterclaim and identified in the document requests.  You said you would confirm by the end of the month that Morton Grove has indeed produced all these documents.  On the other hand, to the extent that NPA's requests seek documents that would touch on the drafting of the statements, the strategy behind those statements, or why the statements were made, you said that Morton Grove would not produce those documents based on its position that they are "lobbying" documents protected by Judge Mason's order from today.  I did not indicate that NPA agreed with your position that such documents were "lobbying strategy" documents that fell within Judge Mason's order.

As to Request No. 10, you said that you would inquire whether documents exist that show the date the relevant statements were posted on lindane.com.  Please provide us an answer, and any existing documents, by the end of the month.

<u>Deposition dates</u>:  We agreed that I would send you a Rule 30(b)(6) notice in short order so that we could discuss possible dates, subject matters, etc.  You also agreed that to the extent appropriate based on the Rule 30(b)(6) topics, you will consider designating portions of currently scheduled depositions as Rule 30(b)(6) testimony.

As for Mr. Tambi, for whom we have not received a deposition date, you said that he is dealing with a personal matter and has not yet been able to discuss deposition dates.  I agreed to give Morton Grove more time to discuss dates with Mr. Tambi.  As we agreed, however, NPA may have to serve a subpoena on Mr. Tambi if this drags out.

<u>Redactions</u>:  You indicated that Morton Grove would shortly be supplementing its redaction log with other non-privileged related redactions.

<u>Persons with knowledge</u>:  We agreed to disagree about the threshold of whether certain people, identified in depositions but not in Morton Grove discovery responses, had knowledge and should have been identified by Morton Grove.  For example, you explained that Mike Craney, who was identified by Surrendra Chirra and Paula Grist in their deposition, has only been working for Wockhardt for seven or eight months and would have knowledge only about the future marketing of lindane products.  I explained that because he was employed by Wockhardt when Morton Grove sought leave to file its new complaint, he would seemingly be the person to talk to about any alleged on-going injury caused by NPA's statements.  NPA stands on its position that Morton Grove has failed to identify certain individuals with relevant knowledge and

William O'Neil
August 15, 2008
Page 3

will move to preclude introduction of any testimony proffered by those individuals or testimony relating to issues within those individuals' work duties.

Sincerely,

Wade A. Thomson

cc:     Debbie L. Berman
        Amanda S. Amert

# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MORTON GROVE PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No.: 08-C-1384 |
| | ) | |
| v. | ) | Judge Bucklo |
| | ) | Magistrate Judge Mason |
| THE NATIONAL PEDICULOSIS | ) | |
| ASSOCIATION, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

<u>**NOTICE OF RULE 30(B)(6) DEPOSITION**</u>

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant National Pediculosis Association, Inc. ("NPA") will take the deposition of Morton Grove Pharmaceuticals, Inc. ("Morton Grove") through one or more officers, directors, managing agents or other persons who shall be designated to testify on behalf of Morton Grove regarding all information known or reasonably available to Morton Grove with respect to the subject matter(s) listed in the attached Exhibit A. To the extent that more than one deponent is identified, Morton Grove shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

The deposition will commence on September 26, 2008, at 9:00 a.m. at the offices of Jenner & Block LLP, 330 N. Wabash Avenue, Chicago, Illinois. The deposition will continue from day to day thereafter until completed, will be videotaped, and shall be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths.

Dated:  August 22, 2008

Respectfully submitted,

THE NATIONAL PEDICULOSIS
ASSOCIATION, INC.

By: _____
One of Its Attorneys

Debbie L. Berman (#6205154)
Amanda S. Amert (#6271860)
Wade Thomson (#6282174)
April A. Otterberg (#6290396)
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484

# EXHIBIT A

## DEFINITIONS

1.      "NPA" shall mean defendant The National Pediculosis Association, Inc., its predecessor, and its respective present and former officers, directors, employees, agents, representatives and any other persons acting on its behalf.

2.      "Morton Grove" shall mean plaintiff Morton Grove Pharmaceuticals, Inc., and its respective present and former subsidiaries, parents, affiliates, divisions, successors, assigns, officers, directors, employees, agents, consultants (paid or unpaid), lobbyists, attorneys, advisors, representatives and any other persons acting or purporting to act on their behalf.

3.      "Complaint" shall mean Morton Grove's Amended Complaint, filed in the United States District Court for the Northern District of Illinois on August 18, 2008.

4.      "NPA's Statements" shall mean the allegedly false and/or misleading statements attributed to NPA in Morton Grove's Complaint.

5.      "NPA's Counterclaim" shall mean NPA's counterclaim, filed in the United States District Court for the Northern District of Illinois on May 6, 2008.

6.      "Morton Grove's statements" shall mean the allegedly false and/or misleading statements attributed to Morton Grove in NPA's Counterclaim.

7.      "Lindane Lotion" shall mean the lotion containing the chemical lindane manufactured by Morton Grove.

8.     "Lindane Shampoo" shall mean the shampoo containing the chemical lindane manufactured by Morton Grove.

9.     The term "lindane" shall mean the chemical lindane.

10.    "Relating to" shall mean concerning, consisting of, referring to, reflecting, regarding, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected to the subject matter discussed.

## TOPICS FOR 30(b)(6) EXAMINATION

1.   Alleged harm or injury caused or being caused to Morton Grove by NPA's Statements, including but not limited to:

   a)     the steps taken by Morton Grove to analyze damages or other harms allegedly caused by NPA's Statements;

   b)     the bases for allegations in Morton Grove's complaint that NPA's Statements have caused or contributed to losses of sales of lindane products and diminished goodwill for Morton Grove;

   c)     the bases for allegations in Morton Grove's complaint that NPA's Statements refer to Morton Grove's lindane products; and

   d)     the bases for allegations in Morton Grove's complaint that NPA's Statements have deceived the target audience for advertisements of lice and scabies treatments.

2.   Morton Grove's knowledge of NPA's Statements, including but not limited to:

   a)     when Morton Grove first became aware of each NPA Statement;

   b)     how Morton Grove first became aware of each NPA Statement;

     c)      the bases for Morton Grove's allegations that NPA's Statements are false,

misleading, or misleading in context.

3.     Morton Grove's allegation that NPA is a competitor of Morton Grove's, including but not

limited to:

     a)      when Morton Grove first considered NPA to be a competitor;

     b)      the Morton Grove product or product(s) that NPA's product allegedly competes

with; and

     c)      the bases for Morton Grove's allegation that NPA is a competitor.

4.     Morton Grove's Statements at issue in NPA's Counterclaim, including but not limited to:

     a)      the bases for Morton Grove's allegations that Morton Grove's Statements are true, not misleading, or not misleading in context;

     b)      the bases for Morton Grove's allegations that Morton Grove's Statements do not deceive the target audience for advertisements of lice or scabies treatments;

     c)      the nature and bases of any defenses Morton Grove has to NPA's Counterclaim;

     d)      the bases for Morton Grove's allegations that Morton Grove's Statements do not arise in the context of commercial advertising or promotion; and

     e)      the bases for Morton Grove's allegations that Morton Grove's Statements are not material to consumers.

## CERTIFICATE OF SERVICE

I, April A. Otterberg, an attorney, hereby certify that on August 22, 2008, I caused a copy

of the foregoing Notice of Rule 30(b)(6) Deposition to be served upon the following via email

and U.S. mail on the following:

>William C. O'Neil  (woneil@winston.com)
>WINSTON & STRAWN, LLP
>35 West Wacker Drive
>41st Floor
>Chicago, IL  60601
>Telephone:  (312) 558-5600
>Facsimile:  (312) 558-5700

>*Counsel for Plaintiff Morton Grove Pharmaceuticals, Inc.*

April A. Otterberg

# EXHIBIT J

## Thomson, Wade A

| | |
|---|---|
| **From:** | Thomson, Wade A |
| **Sent:** | Tuesday, August 19, 2008 2:14 PM |
| **To:** | O'Neil, William C. |
| **Cc:** | Berman, Debbie L; Amert, Amanda S |
| **Subject:** | MGP v. NPA: scheduling |

Bill,

Given the numerous outstanding issues in discovery (including the Paller motion, the other third party subpoenas including the other advisory panel members and Closerlook, the 30(b)(6), Tambi's outstanding subpoena, etc.), we do not think the current fact discovery cut-off is realistic. We therefore want to file a motion for entry of a new scheduling order, and hopefully we will have your agreement.

Below please see the current cut-off dates and our proposals. We believe the proposed dates are realistic (taking into account the outstanding discovery above and the various holidays in the interim), and will make it less likely that the parties will have to seek another extension down the road. I will be travelling the next few days but please let me know if there is a good time for us to meet and confer by phone later this afternoon/evening or tomorrow from noon to 1pm.

Close of fact discovery: October 1, 2008 [change to December 15, 2008]

Parties submit Rule 26(b)(2) affirmative reports: October 15, 2008 [change to February 2, 2009]

Parties submit reports for any new rebuttal experts: November 14, 2008 [change to March 2, 2009]

Close of expert discovery: December 15, 2008 [change to April 1, 2009]

Dispositive motions: January 30, 2009 [change to May 15, 2009]

Motions in limine: March 2, 2009 [change to June 15, 2009]

Responses to motions in limine: March 16, 2009 [change to June 30, 2009]

Thanks, Wade

---

**Wade A. Thomson**
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 840-8613
Fax (312) 840-8713
WThomson@jenner.com

# EXHIBIT K

# WINSTON & STRAWN LLP

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

99 GRESHAM STREET
LONDON EC2V 7NG

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

WRITER'S DIRECT DIAL NUMBER

(312) 558-5308
woneil@winston.com

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

25 AVENUE MARCEAU
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

August 21, 2008

**VIA EMAIL**

Wade A. Thomson
Jenner & Block LLP
330 N. Wabash Ave.
Chicago, IL  60611

        **Re:**    ***Morton Grove v. NPA***

Dear Wade:

        I write in response to your August 19, 2008 email concerning extending the discovery schedule on an agreed basis. Morton Grove cannot agree. No extension is needed, let alone one that pushes trial back for ***three months***. Forty-one days remain in fact discovery—this is plenty of time to resolve all outstanding issues.

        The parties have agreed on dates for all the noticed depositions except for Mr. Tambi, and we anticipate providing him before the discovery cut-off. The NPA's only rationale for an extension its own dilatory conduct. After noticing 19 depositions, the NPA now apparently would like to take a 30(b)(6) deposition—a deposition it could have noticed months (if not years) ago and has still to this day failed to notice. Additionally, you now claim you need more time for third-party discovery to resolve subpoenas you issued months ago, where the witnesses filed timely and well founded objections, and where you sat on any rights your client ever had. This is not a well founded basis for additional time.

        The NPA's proposal is yet another attempt to convert this very straightforward proceeding (where Morton Grove is not seeking money damages and where Morton Grove has only noticed only three depositions) into a massive and expensive piece of commercial litigation.

        You have asked to speak with me about this matter telephonically and I am more than happy to do so at your convenience. Please give me a call at (312) 558-5308.

WINSTON & STRAWN LLP

Wade A. Thomson
August 21, 2008
Page 2

Best regards,

William C. O'Neil

cc:    W. Gordon Dobie

# EXHIBIT L

**Thomson, Wade A**

| | |
|---|---|
| **From:** | Thomson, Wade A |
| **Sent:** | Friday, August 22, 2008 3:53 PM |
| **To:** | O'Neil, William C. |
| **Cc:** | Berman, Debbie L; Amert, Amanda S |
| **Subject:** | FW: MGP v. NPA: scheduling |

Bill,

Following up on my email from Tuesday, your letter from last night, and our conversations today, below is a revised proposal.  While we think our original proposal from Tuesday was realistic and necessary, we are willing to propose the following schedule which we think could work based on the following: (1) the parties agree to deposition dates (for sometime before the proposed discovery close) for Mr. Tambi and the 30(b)(6) before the end of August; and (2) the court rules on the pending motions (including motion for clarification, Paller motion, and Judge Mason's contingent ruling on MTD) with adequate time prior to the proposed close of factual discovery to allow for whatever further discovery is needed.

Please let me know your position as soon as possible, and in any event before noon on Monday.  If you do not agree or respond, we will need to file a motion on Monday.  The new proposal roughly represents a 6-week extension for the current factual discovery date, and then a few slightly longer extension dates for the expert reports and other filings (to avoid deadlines during or immediately after holidays, weekends, etc.).

Close of fact discovery: October 1, 2008 [change to Nov. 12, 2008]

Parties submit Rule 26(b)(2) affirmative reports: October 15, 2008 [change to Dec. 10, 2009]

Parties submit reports for any new rebuttal experts: November 14, 2008 [change to Jan. 13, 2009]

Close of expert discovery: December 15, 2008 [change to February 10, 2009]

Dispositive motions: January 30, 2009 [change to March 24, 2009]

Motions in limine: March 2, 2009 [change to April 21, 2009]

Responses to motions in limine: March 16, 2009 [change to May 5, 2009]


-----Original Message-----
From: Thomson, Wade A
Sent: Thursday, August 21, 2008 1:50 PM
To: O'Neil, William C.
Subject: FW: MGP v. NPA: scheduling

Bill,

Are you available to talk about this anytime after 3pm today?

-----Original Message-----
From: Thomson, Wade A
Sent: Wednesday, August 20, 2008 8:38 AM
To: 'WOneil@winston.com'
Subject: Re: MGP v. NPA: scheduling

Does 1:30 or 330pm work on thursday?

----- Original Message -----
From: O'Neil, William C. <WOneil@winston.com>
To: Thomson, Wade A
Sent: Tue Aug 19 14:25:05 2008
Subject: Re: MGP v. NPA: scheduling

Just boarded a plane. I can talk on Thursday or Friday when I return.

William C. O'Neil
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
P: 312.558.5308
F: 312.558.5700
woneil@winston.com

----- Original Message -----
From: Thomson, Wade A <WThomson@jenner.com>
To: O'Neil, William C.
Cc: Berman, Debbie L <DBerman@jenner.com>; Amert, Amanda S <AAmert@jenner.com>
Sent: Tue Aug 19 14:13:49 2008
Subject: MGP v. NPA: scheduling

Bill,

Given the numerous outstanding issues in discovery (including the Paller motion, the other third party subpoenas including the other advisory panel members and Closerlook, the 30(b)(6), Tambi's outstanding subpoena, etc.), we do not think the current fact discovery cut-off is realistic. We therefore want to file a motion for entry of a new scheduling order, and hopefully we will have your agreement.

Below please see the current cut-off dates and our proposals. We believe the proposed dates are realistic (taking into account the outstanding discovery above and the various holidays in the interim), and will make it less likely that the parties will have to seek another extension down the road. I will be travelling the next few days but please let me know if there is a good time for us to meet and confer by phone later this afternoon/evening or tomorrow from noon to 1pm.

Close of fact discovery: October 1, 2008 [change to December 15, 2008]

Parties submit Rule 26(b)(2) affirmative reports: October 15, 2008 [change to February 2, 2009]

Parties submit reports for any new rebuttal experts: November 14, 2008 [change to March 2, 2009]

Close of expert discovery: December 15, 2008 [change to April 1, 2009]

Dispositive motions: January 30, 2009 [change to May 15, 2009]

Motions in limine: March 2, 2009 [change to June 15, 2009]

Responses to motions in limine: March 16, 2009 [change to June 30, 2009]

Thanks, Wade

Wade A. Thomson
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 840-8613
Fax (312) 840-8713
WThomson@jenner.com
www.jenner.com <http://www.jenner.com/>

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

# EXHIBIT M

**Thomson, Wade A**

| | |
|---|---|
| **From:** | O'Neil, William C. [WOneil@winston.com] |
| **Sent:** | Monday, August 25, 2008 5:04 PM |
| **To:** | Thomson, Wade A |
| **Cc:** | Berman, Debbie L; Amert, Amanda S; Dobie, W. Gordon |
| **Subject:** | RE: MGP v. NPA: scheduling |

Wade,

I spoke to our client today and for the reasons set forth in my August 21st letter, Morton Grove is not willing to agree to your proposal set forth below.

Regards,

Bill

-----Original Message-----
From: Thomson, Wade A [mailto:WThomson@jenner.com]
Sent: Friday, August 22, 2008 3:53 PM
To: O'Neil, William C.
Cc: Berman, Debbie L; Amert, Amanda S
Subject: FW: MGP v. NPA: scheduling

Bill,

Following up on my email from Tuesday, your letter from last night, and our conversations today, below is a revised proposal. While we think our original proposal from Tuesday was realistic and necessary, we are willing to propose the following schedule which we think could work based on the following: (1) the parties agree to deposition dates (for sometime before the proposed discovery close) for Mr. Tambi and the 30(b)(6) before the end of August; and (2) the court rules on the pending motions (including motion for clarification, Paller motion, and Judge Mason's contingent ruling on MTD) with adequate time prior to the proposed close of factual discovery to allow for whatever further discovery is needed.

Please let me know your position as soon as possible, and in any event before noon on Monday. If you do not agree or respond, we will need to file a motion on Monday. The new proposal roughly represents a 6-week extension of the current factual discovery date, and then a few slightly longer extension dates for the expert reports and other filings (to avoid deadlines during or immediately after holidays, weekends, etc.).

Close of fact discovery: October 1, 2008 [change to Nov. 12, 2008]

Parties submit Rule 26(b)(2) affirmative reports: October 15, 2008 [change to Dec. 10, 2009]

Parties submit reports for any new rebuttal experts: November 14, 2008 [change to Jan. 13, 2009]

Close of expert discovery: December 15, 2008 [change to February 10, 2009]

Dispositive motions: January 30, 2009 [change to March 24, 2009]

Motions in limine: March 2, 2009 [change to April 21, 2009]

Responses to motions in limine: March 16, 2009 [change to May 5, 2009]

-----Original Message-----
From: Thomson, Wade A
Sent: Thursday, August 21, 2008 1:50 PM
To: O'Neil, William C.
Subject: FW: MGP v. NPA: scheduling

Bill,

Are you available to talk about this anytime after 3pm today?

-----Original Message-----
From: Thomson, Wade A
Sent: Wednesday, August 20, 2008 8:38 AM
To: 'WOneil@winston.com'
Subject: Re: MGP v. NPA: scheduling

Does 1:30 or 330pm work on thursday?

----- Original Message -----
From: O'Neil, William C. <WOneil@winston.com>
To: Thomson, Wade A
Sent: Tue Aug 19 14:25:05 2008
Subject: Re: MGP v. NPA: scheduling


Just boarded a plane. I can talk on Thursday or Friday when I return.

William C. O'Neil
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL  60601
P: 312.558.5308
F: 312.558.5700
woneil@winston.com

----- Original Message -----
From: Thomson, Wade A <WThomson@jenner.com>
To: O'Neil, William C.
Cc: Berman, Debbie L <DBerman@jenner.com>; Amert, Amanda S <AAmert@jenner.com>
Sent: Tue Aug 19 14:13:49 2008
Subject: MGP v. NPA: scheduling

Bill,

Given the numerous outstanding issues in discovery (including the Paller motion, the other third party subpoenas including the other advisory panel members and Closerlook, the 30(b)(6), Tambi's outstanding subpoena, etc.), we do not think the current fact discovery cut-off is realistic. We therefore want to file a motion for entry of a new scheduling order, and hopefully we will have your agreement.

Below please see the current cut-off dates and our proposals. We believe the proposed dates are realistic (taking into account the outstanding discovery above and the various holidays in the interim), and will make it less likely that the parties will have to seek another extension down the road. I will be travelling the next few days but please let me know if there is a good time for us to meet and confer by phone later this afternoon/evening or tomorrow from noon to 1pm.

Close of fact discovery: October 1, 2008 [change to December 15, 2008]

Parties submit Rule 26(b)(2) affirmative reports: October 15, 2008 [change to February 2, 2009]

Parties submit reports for any new rebuttal experts: November 14, 2008 [change to March 2, 2009]

Close of expert discovery: December 15, 2008 [change to April 1, 2009]

Dispositive motions: January 30, 2009 [change to May 15, 2009]

Motions in limine: March 2, 2009 [change to June 15, 2009]

Responses to motions in limine: March 16, 2009 [change to June 30, 2009]

Thanks, Wade

_____

Wade A. Thomson
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 840-8613
Fax (312) 840-8713
WThomson@jenner.com
www.jenner.com <http://www.jenner.com/>

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

_____

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*********************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*********************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.