# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1384 | **DATE** | 8/27/2008 |
| **CASE TITLE** | Morton Grove Pharmaceuticals vs. National Pediculosis Association | | |

**DOCKET ENTRY TEXT**

Status hearing held and continued to 9/24/08 at 9:00 a.m. NPA's motion to clarify this Court's August 14, 2008 Order [106] is granted. NPA's motion to compel the production of documents and deposition of non-party Dr. Amy S. Paller [81] is granted in part and denied in part.

■[ For further details see text below.]      Notices mailed by Judicial staff.

00:30

## STATEMENT

      NPA's motion to clarify this Court's August 14, 2008 Order [106] is granted. In its August 14, 2008 order [98], when this Court refers to documents regarding "lobbying strategy" it defines "lobbying strategy" the same way Morton Grove does in its own motion: the lobbying documents regarding strategy include "communications between Morton Grove's lawyers and its lobbyists—many of whom themselves are lawyers." [44] Therefore, based on this definition, the following discovery requests regarding lindane.com are allowed and do not fall within the scope of lobbying strategy:

     a) That NPA may proceed with a deposition of Closerlook (as was contemplated by NPA's subpoena) to ask questions about Closerlook's understanding as to the
purpose of lindane.com, *i.e.*, whether it was solely intended to influence
legislation, including its bases for its positions; the drafting of lindane.com; and
support for the statements posted on lindane.com and at issue in NPA's
counterclaim;

     b) That NPA may seek documents from Morton Grove and Closerlook relating to the drafting of lindane.com, and that such materials are not "lobbying strategy" as contemplated by the Order; and

     c) That, during depositions, NPA may inquire into the understanding of current and former Morton Grove employees as to their understanding as to the purpose of lindane.com, *i.e.*, whether it was solely intended to influence legislation, including their bases for their positions; the drafting of lindane.com; and support for the statements posted on lindane.com and at issue in NPA's counterclaim.

**STATEMENT**

This ruling does not mend this Court's August 14, 2008 Order. Moreover, it does not limit Morton Grove's ability to raise valid objections, other than its previously argued objection that these requests are not allowed based on this Court's August 14, 2008 Order, to these discovery requests.

NPA's motion to compel the production of documents and deposition of non-party Dr. Amy S. Paller [81] is granted in part and denied in part. NPA may take the deposition of Dr. Paller. The deposition of Dr. Paller must be taken by 10/15/08. The parties are reminded to be sensitive of Dr. Paller's professional and personal schedule when choosing a date for her deposition. As discussed in open court, the parties are instructed to stay within the scope of the subject statements related to this case and Dr. Paller's work on lindane.com during her deposition. The parties are also reminded that, as of this date, Dr. Paller is not a retained expert in this litigation. Therefore, NPA is not allowed to ask Dr. Paller questions regarding her expert opinion of lindane generally.

Morton Grove's request that NPA compensate at Dr. Paller at a rate of $500 per hour for her preparation and time at the deposition is denied. Dr. Paller is entitled to receive the statutory rate of a deponent.

NPA's request to seek electronically stored information from Dr. Paller is denied without prejudice. Morton Grove is to produce Dr. Paller's paper documents, including Dr. Paller's curriculum vitae and list of the articles she has authored or co-authored, to NPA by 9/10/08.