IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORTON GROVE PHARMACEUTICALS, INC., ) ) Plaintiff, ) ) v. ) ) THE NATIONAL PEDICULOSIS ) ASSOCIATION, INC., ) ) Defendant. ) | No.: 08-CV-1384 Judge Bucklo Magistrate Judge Mason **JURY TRIAL DEMANDED** |

**THE NATIONAL PEDICULOSIS ASSOCIATION, INC.'S OBJECTIONS TO MAGISTRATE JUDGE MASON'S ORDER DENYING THE MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO ECOLOGY CENTER SETTLEMENT**

Defendant the National Pediculosis Association, Inc. ("NPA"), by and through counsel respectfully files this *Objection* pursuant to Fed. R. Civ. P. 72(a) to Magistrate Judge Mason's August 14, 2008 Order denying NPA's Motion to Compel Production of Documents Related to Ecology Center Settlement ("Motion to Compel").

**BACKGROUND**

In July 2006, Morton Grove Pharmaceuticals, Inc. ("Morton Grove") sued the Ecology Center, Inc. ("Ecology Center"), a non-profit organization in Michigan, for statements made about the dangers of lindane. Ultimately, Morton Grove and Ecology Center reached a settlement. Subsequently, Morton Grove filed this renewed action against NPA in which it alleges its settlement with Ecology Center is "evidence" that the statements by NPA at issue in the lawsuit are false. (Am. Compl., Dkt. No. 104, ¶¶ 33, 38, 42, 46.) Because Morton Grove asserts its settlement with Ecology Center is "evidence" to support its claims, NPA requested documents regarding the settlement, including correspondence with Ecology Center's lawyers and drafts of the settlement agreement exchanged by the parties. (*See* Ex. 4 to NPA's

Memorandum in Support of Its Motion to Compel, attached hereto as Ex. A.) Morton Grove objected to producing the documents. On May 21, 2008, the parties met and conferred, and agreed that they were at an impasse and had satisfied their obligations under Local Rule 37.2. On June 5, 2008, NPA filed its Motion to Compel. (*See* Ex. A.) On August 14, 2008 Magistrate Judge Mason issued an order denying NPA's Motion to Compel. (Ex. C.)

<u>**RULE 72(a) OBJECTIONS**</u>

**NPA OBJECTS TO THE FINDINGS THAT DOCUMENTS RELATING TO THE SETTLEMENT AGREEMENT ARE NOT AT ISSUE AND ARE NOT RELAVANT.**

NPA objects to Magistrate Judge Mason's findings that: (1) the drafts of the Ecology Center settlement agreement and related documents are not relevant; and (2) "Morton Grove has not put the credibility of its settlement with Ecology Center at issue in this case."

Magistrate Judge Mason's order states: "Courts are generally reluctant to order disclosure of negotiations or documents related to a settlement agreement." (Ex. C at 2.) While that may be the general rule, this case presents a unique situation because Morton Grove has put its settlement with a third party affirmatively at issue by arguing that the settlement is proof of NPA's liability. Neither of the cases relied on by Magistrate Judge Mason address this situation. In *Information Technologies International, Inc. v. ITI of Northern Florida, Inc.*, No. 01 C 4668, 2002 WL 356509, at *1 (N.D. Ill. Mar. 6, 2002) (App. 1),[1] one of the defendants sought to compel production of a settlement entered into between the plaintiff and a former defendant. The plaintiff produced the settlement agreement, but the Court held that other materials related to the settlement need not be produced. *Id.* at *1-2. In that case, however, the plaintiff was not seeking to use a settlement agreement with a former defendant as "evidence" against a current defendant. Morton Grove explicitly relies on its settlement agreement in order to support is

---

[1] "App." refers to the Appendix attached hereto, which contains unpublished decisions.

claims against NPA and NPA should be allowed access to the materials underlying that settlement in order to mount an appropriate defense.

In *Davenport v. Indiana Masonic Home Foundation, Inc.*, No. IP 00-1047-CH/G, 2003 WL 1888986, at *1 (S.D. Ind. Mar. 27, 2003) (App. 2), the plaintiff filed a motion to compel a third-party to produce materials related to the third-party's settlement with the current defendant. The court held that the third-party was not required to produce the materials. *Id.* at *2. In this case, however, the plaintiff is the party attempting to use its prior settlement agreement as a sword against a defendant.

Neither of the cases relied upon by Magistrate Judge Mason address the arguments raised by NPA that Morton Grove should not be able to, on the one hand, put the Ecology Center settlement at issue by using it as "evidence," and on the other hand, withhold materials relating to the negotiation of the terms of that same settlement. Morton Grove's complaint affirmatively states that the fact that Ecology Center retracted or corrected statements similar to those involved in this action provides "evidence" that NPA's statements are false. (Am. Compl., Dkt. No. 104, ¶¶ 33, 38, 42, 46.) Additionally, Magistrate Judge Mason did not address any of the cases cited by NPA.

The August 14 order states that the final executed settlement agreement produced by Morton Grove is "sufficient to satisfy the issues [Morton Grove] raises in its paragraphs 30, 35, 39, and 43 of its complaint."[2] (Ex. C at 2.) The final settlement agreement does not address outstanding issues such as what Morton Grove did to entice Ecology Center to settle, and why Morton Grove was not able to persuade Ecology Center to clarify all of the statements at issue or

---

[2] The August 14 order refers to the paragraph numbers of Morton Grove's previous complaint. The paragraphs referred to in the order correspond to paragraph numbers 33, 38, 42, 46 of the Amended Complaint filed August 18, 2008. (Dkt. No. 104.)

3

whether it even attempted to get Ecology Center to do so. These are important issues if Morton Grove is able to use its settlement agreement with Ecology Center.[3] Thus, contrary to Magistrate Judge Mason's finding, the credibility of the settlement is an issue as long as Morton Grove touts it as evidence.

In light of Morton Grove's efforts to use its settlement with Ecology Center against NPA, and the cases cited in NPA's briefing on this issue compelling production of settlement materials in similar circumstances, this Court should grant NPA's Motion to Compel.

In further support of its objections, NPA submits as Exhibits A and B, its previously filed Memorandum in Support of Motion to Compel (Dkt. No. 50) and Reply in Support of Motion to Compel (Dkt. No. 62).

---

[3] As explained in its Motion to Compel, NPA agrees that the settlement is not relevant and will object to Morton Grove's efforts to use this settlement as evidence of anything. The Court, however, may not agree, and Morton Grove should not be permitted to use the parts of the settlement it likes as a sword but then use the fact that it is a settlement as a shield to prevent NPA from having full discovery.

4

## CONCLUSION

Based on the foregoing, NPA respectfully requests that this Court overturn Magistrate Judge Mason's August 14, 2008 Order, and grant its Motion to Compel Ecology Center Settlement Materials.

Dated: August 28, 2008

Respectfully Submitted,

THE NATIONAL PEDICULOSIS
ASSOCIATION, INC.


By:   s/ Debbie L. Berman
         One of Its Attorneys

Debbie L. Berman (#6205154)
Amanda S. Amert (#6271860)
Wade A. Thomson (#6282174)
April A. Otterberg (#6290396)
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, Illinois 60611
312-222-9350

## CERTIFICATE OF SERVICE

I, Debbie L. Berman, hereby certify that on August 28, 2008, I caused copies of the foregoing **Objections to Magistrate Judge Mason's Order Denying the Motion to Compel Production of Documents Related to Ecology Center Settlement,** to be served upon the following via electronic filing through the CM/ECF system and the exhibit filed under seal via messenger:

> Timothy Joseph Rivelli  (trivelli@winston.com)
> W. Gordon Dobie  (wdobie@winston.com)
> William Charles O'Neil  (*woneil@winston.com*)
> Cherish M. Keller  (*ckeller@winston.com*)
> WINSTON & STRAWN, LLP
> 35 West Wacker Drive
> 41st Floor
> Chicago, IL  60601
> Telephone:  (312) 558-5600
> Facsimile:  (312) 558-5700

>                               s/ Debbie L. Berman
>                               Debbie L. Berman