**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MORTON GROVE PHARMACEUTICALS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | No: 08-CV-1384 |
| v. | ) ) | Judge Bucklo |
| THE NATIONAL PEDICULOSIS ASSOCIATION, INC. | ) ) ) ) | Magistrate Judge Mason |
| Defendants. | ) ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO MAGISTRATE JUDGE MASON'S ORDER
DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION**

This Court should deny the NPA's request to overturn Magistrate Judge Mason's ruling denying the NPA's motion to compel production of underlying settlement negotiations between Morton Grove and former Defendant the Ecology Center. Through this motion, the NPA seeks to raid the files of opposing trial counsel for lawyer-to-lawyer settlement correspondence. Magistrate Judge Mason properly determined that these documents are not relevant to this action. His ruling should not be overturned because it was not clearly erroneous or contrary to law.

**I.  THE DOCUMENTS THE NPA SEEKS ARE NOT RELEVANT, AS MAGISTRATE JUDGE MASON PROPERLY DECIDED**

While the final settlement agreement with the Ecology Center is relevant, the underlying negotiations are not. Morton Grove has produced a copy of the settlement agreement with the Ecology Center as well as the Ecology Center's public retractions of its false statements pursuant to that agreement. The parties' underlying settlement negotiations and drafts are neither

admissible or relevant. The NPA's argument to the contrary belies common sense—it asserts that because Morton Grove cites to the *final settlement agreement* in its Complaint, the NPA needs the *underlying settlement negotiations* to mount a defense. All the NPA needs to mount a defense against the final settlement agreement is the final settlement agreement. Magistrate Judge Mason recognized this when he determined that "[t]he documents previously produced by Morton Grove regarding the settlement are sufficient to satisfy the issues it raises in . . . its complaint." (Exhibit A.)

As Morton Grove explained in its response to the NPA's motion to compel (attached hereto as Exhibit B), the parties' underlying settlement negotiations should not be produced for the following reasons. *First*, strong policy considerations counsel against forcing a party to produce settlement negotiations—such a practice discourages rather than promotes settlement discussions. *Second*, the NPA itself has stated that the settlement discussions are not relevant. In its initial motion to compel, it stated: "Morton Grove maintains that the settlement documents are not relevant . . . . NPA agrees that they are not relevant." (Docket Entry 50, also filed as Exhibit A to the NPA's objections, at 1.) *Third*, the NPA argued to Magistrate Judge Mason that it needed to test the validity of Morton Grove's assertion that the Ecology Center's retractions are evidence that the NPA's statements are false (*id.* at 7)—but it can do that by evaluating the retractions themselves. It strains credulity to argue that underlying settlement negotiations can help show whether one party's retractions are proof that another party's advertising statements are false. *Fourth*, the parties expressly agreed to keep the underlying settlement negotiations confidential. *Fifth*, Morton Grove did not put the negotiations at issue, just the fact that the Ecology Center publicly acknowledged that some of its statements were

false. *Sixth*, discovery has been barred, and should be barred, in situations like this where the sought-after material has absolutely no admissible purpose.

## II. THE NPA HAS NOT SHOWN THAT MAGISTRATE JUDGE MASON'S ORDER WAS CLEARLY ERRONEOUS OR CONTRARY TO LAW

The NPA has not met—and does not even discuss—the relevant standard of review. Federal Rule of Civil Procedure 72(a), which the NPA refers to, states that the district court judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." The NPA does not argue that Magistrate Judge Mason's ruling was clearly erroneous or contrary to law, but only asserts that the NPA disagrees with it. That is not a proper reason to overturn a magistrate judge's decision.

Indeed, Magistrate Judge Mason's ruling was not clearly erroneous or contrary to law. As the Seventh Circuit has stated, "[t]he clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). This is a deferential standard: "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *E.g.*, *Patrick v. City of Chicago*, 2008 WL 2339649, at *2 (N.D. Ill. Jun. 4, 2008) (quoting *American Motors Corp. v. Great Am. Surplus Lines Ins. Co.*, 1988 WL 2788, at *1 (N.D. Ill. Jan. 8, 1988)). Likewise, district courts review magistrate judge determinations to see if they are contrary to law. *E.g.*, *F.T.C. v. Pacific First Benefit, LLC*, 361 F. Supp. 2d 751, 754-77 (N.D. Ill. 2005).

Here, the NPA's arguments fail. It argues that neither of the cases cited by Magistrate Judge Mason address the exact situation at hand or the NPA's specific arguments, and that Magistrate Judge Mason "did not address any of the cases cited by the NPA." (Docket

3

Entry 116 at 2-3.)  There is no requirement that any judge's decision cite cases exactly like the one before it (especially where the factual scenario is not horribly common) or that a decision address the cases the parties cite.  None of the NPA's offered reasons justify overturning Magistrate Judge Mason's decision.

## <u>CONCLUSION</u>

For the foregoing reasons, Morton Grove respectfully requests that the Court deny the NPA's request to overturn Magistrate Judge Mason's ruling on the NPA's motion to compel production of settlement documents.

Dated:  September 9, 2008          Respectfully Submitted,

**MORTON GROVE PHARMACEUTICALS, INC.**

By:    /s/ William C. O'Neil
          One of its Attorneys

W. Gordon Dobie (wdobie@winston.com)
William C. O'Neil (woneil@winston.com)
Cherish M. Keller (ckeller@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
T:  (312) 558-5600
F:  (312) 558-5700

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of September 2008, I caused a copy of **Plaintiff's Response to Defendant's Objections to Magistrate Judge Mason's Order Denying Defendant's Motion to Compel Production** to be served on counsel of record via ECF electronic filing:

> Debbie L. Berman
> Amanda S. Amert
> Wade A. Thomson
> April A. Otterberg
> JENNER & BLOCK LLP
> 330 North Wabash Avenue
> Chicago, Illinois 60611
> T: (312) 222-9350
> F: (312) 527-0484

/s/ Cherish M. Keller