**Index of Exhibits**

Exhibit A — August 14, 2008 Order by Magistrate Judge Mason re settlement documents (Docket Entry 99)

Exhibit B — Morton Grove's Response to the NPA's Motion to Compel Production of Documents Related to Ecology Center Settlement with attached Exhibit A (Docket Entry 61 and 61-2)

# EXHIBIT A

## United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Elaine Bucklo | **Sitting Judge if Other than Assigned Judge** | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1384 | **DATE** | 8/14/2008 |
| **CASE TITLE** | Morton Grove Pharmaceuticals vs. National Pediculous Association, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant the National Pediculosis Association, Inc's ("NPA") motion to compel production of documents related to Ecology Center settlement [49] is denied. For further details, see text below.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

The document request at issue is request number 5 of NPA's third set of document requests to Morton Grove Pharmaceuticals, Inc. ("Morton Grove"). NPA requests "all documents relating to Morton Grove's settlement with the Ecology Center, Inc., including, but not limited to settlement agreements, drafts or proposals exchanged between the parties, correspondence with the Ecology Center or others regarding the settlement, documents relating to paragraphs 30, 35, 39, and 43 of Morton Grove's complaint, and public statements made by Morton Grove about the settlement." Ex. 4, no. 5 to Motion to Compel.

In response to NPA's document request no. 5, Morton Grove produced its final settlement agreement with Ecology Center, the related court filing, the document posted on the Ecology Center's website as a result of the settlement and any written public statements made by Morton Grove regarding the settlement. Ex. 4, no. 5 to Motion to Compel. In its motion to compel, NPA argues that it is also entitled to the negotiation documents leading to Morton Grove's settlement with the Ecology Center and Morton Grove's internal documents relating to the settlement. Morton Grove objects to this request because it seeks documents protected by the attorney-client privilege and by a non-disclosure agreement. Morton Grove also objects to the request to the extent it seeks documents that are not relevant to ths action or admissible in this action.

NPA responds that Morton Grove should produce these documents because Morton Grove has put them at issue in this case by stating in its complaint that Ecology Center, a former defendant in a separate action, published a retraction that clarifies similar statements to those in dispute in this case. Complaint, ¶¶ 30, 35, 39, 43. NPA expounds that the documents regarding the negotiations should be produced in addition to those previously produced because the "inducements that Morton Grove may have offered the Ecology Center ... are relevant because they bear directly on the credibility of the entire settlement agreement, *i.e.* whether or not that settlement was simply a sham for Morton Grove to use against NPA in this lawsuit."

## STATEMENT

Reply, p. 3. However, Morton Grove has not put the credibility of its settlement with Ecology Center at issue in this case. The documents previously produced by Morton Grove regarding the settlement are sufficient to satisfy the issues it raises in paragraphs 30, 35, 39, and 43 of its complaint.

Courts are generally reluctant to order disclosure of negotiations or documents related to a settlement agreement. *See Information Technologies International, Inc. v. ITI of Northern Florida, Inc.*, 2002 WL 356509 (N.D.Ill); *Davenport v. Indiana Masonic Home Foundation, Inc.*, 2003 WL 1888986 (S.D. Ind). Morton Grove does not need to produce any of the documents which set forth the negotiations leading up to the settlement. We are not convinced that drafts of the agreement or such documents are relevant.

NPA attempts to prove its arguments by arguing that Federal Rule of Evidence Rule 408 does not apply. As NPA correctly points out, Rule 408 is not a bar to discovery of settlement materials. Rule 408 regulates documents that are admitted into evidence. At this point of litigation, whether or not the settlement agreement will be admitted into evidence is not at issue.

Based on the foregoing, defendant's motion to compel is denied.

# EXHIBIT B

Case 1:08-cv-01384    Document 122-2    Filed 09/09/2008    Page 5 of 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MORTON GROVE PHARMACEUTICALS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | No: 08-CV-1384 |
| v. | ) ) | Judge Bucklo |
| THE NATIONAL PEDICULOSIS ASSOCIATION, INC. | ) ) ) | Magistrate Judge Mason |
| Defendants. | ) ) ) | |

**MORTON GROVE'S RESPONSE TO THE NPA'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RELATED TO ECOLOGY CENTER SETTLEMENT**

On the heels of Morton Grove's filing of a motion for protective order (Docket No. 44) seeking shelter from the NPA's attempt to raid the files of Morton Grove's lawyers for lobbying strategy documents and privileged communications, the NPA has filed this motion, seeking to compel the production of attorney-to-attorney settlement correspondence between Morton Grove and the Ecology Center, the NPA's former co-Defendant in this action. Apparently unhappy that its former co-Defendant settled this litigation by publicly retracting numerous false statements, the NPA now demands production of the settling parties' negotiations. Morton Grove has already produced the settlement agreement and the Ecology Center's public retractions. The NPA's motion should be denied because, while the settlement itself is relevant, the back-and-forth settlement negotiations are not. This is particularly true given that the settling parties entered into an agreement to keep those negotiations confidential. Moreover, requiring the production of these documents to satisfy the NPA's curiosity will send a chilling policy message that may discourage future litigants from settling civil litigation.

**ARGUMENT**

The NPA's attempt to compel the production of the settling parties' negotiations should be denied for the following six reasons:

***First***, strong policy considerations mitigate against producing settlement negotiations. Courts "are generally reluctant to order disclosure of negotiations or documents related to a settlement agreement." *Davenport v. Ind. Masonic Home Found., Inc.*, 2003 WL 1888986, at *2 (S.D. Ind. Mar. 27, 2003) (denying motion to compel production of settlement documents); *Info. Tech. Int'l, Inc. v. ITI of N. Fla., Inc.*, 2002 WL 356509, at *2 (N.D. Ill. Mar. 6, 2002) (plaintiff "does not need to produce any of the documents which set forth the negotiations leading up to the settlement(s). We are not convinced that drafts of the agreement or other such documents are relevant, especially since such production may have a chilling effect on parties' willingness to enter into settlement negotiations. . . . The final agreement should incorporate all previous discussions and is sufficient to help the defendants assess [the former defendant's] credibility and bias."); *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 368-69 (N.D. Ill. 2001) (settlement negotiations have "no probative value" and their disclosure "would undermine the important policy of promoting settlement"); *Clark v. Experian Info. Solutions, Inc.*, 2006 WL 626820, at *6 (N.D. Ill. Jan. 6, 2006) (settlement correspondence "may contain the type of candid 'give and take discussion' that courts have protected from discovery").

***Second***, there is no dispute among the parties that the underlying settlement negotiation documents are ***not*** relevant. On the very first page of its brief, the NPA states: "Morton Grove maintains that the settlement documents are not relevant . . . . NPA agrees that they are not relevant." The parties may later disagree about the future admissibility of the

retractions made by the Ecology Center, but those documents have been produced and that issue is not currently before the Court.

*Third*, the NPA's stated need for this discovery is satisfied by the documents (the settlement agreement and public retractions) already in its possession. The NPA argues that it needs these documents to "test the validity of" Morton Grove's assertion that the Ecology Center's retraction "is evidence that NPA's statements are false." This cannot possibly be the case. The NPA can fully test the validity of its own statements using the face of the Ecology Center's retraction. The settling parties' back-and-forth negotiations will not aid the NPA in evaluating whether its statements are true or false any more so than the retraction itself will.

*Fourth*, the settling parties expressly agreed to keep their settlement negotiations private and confidential, including specifically agreeing not to share them with the NPA. (Exhibit A.)

*Fifth*, Morton Grove has *not* put the settling parties' negotiations at issue, as the NPA would have this Court believe. Morton Grove has only put in issue the fact that the Ecology Center publicly acknowledged that its statements—which are nearly identical to the NPA's statements—were false and needed to be clarified.

*Sixth,* contrary to the NPA's suggestion, the *inadmissibility* of these documents under Federal Rule of Evidence 408, *does* bear on the *discoverability* of these documents. In order to obtain discovery of evidence that is inadmissible under Rule 408, the party seeking such materials must (1) "show[] that the evidence is admissible for another purpose other than that barred by the Federal Rules of Evidence" or (2) "articulate[] a plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence." *Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 651 (N.D. Ill. 1994) (denying discovery

3

request for settlement negotiations because their proposed use would be barred under Rule 408). The NPA does not and cannot articulate any appropriate purpose for seeking the settling parties' negotiations.[1]

## CONCLUSION

For the reasons listed above, Morton Grove respectfully requests that the Court deny the NPA's motion to compel.

Dated: June 20, 2008   Respectfully Submitted,

**MORTON GROVE PHARMACEUTICALS, INC.**

By: /s/ William C. O'Neil
        One of its Attorneys

W. Gordon Dobie (wdobie@winston.com)
Timothy Rivelli (trivelli@winston.com)
William C. O'Neil (woneil@winston.com)
Cherish M. Keller (ckeller@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
T: (312) 558-5600
F: (312) 558-5700

---

[1] The motive behind this motion is no mystery to Morton Grove. The NPA filed this motion in an effort to use its $5 million legal defense fund to further harass Morton Grove by angling to turn Morton Grove's trial counsel into a witness. The 2006 Advisory Comments to Rule 408, however, caution against using discovery requests like these to turn lawyers into witnesses, noting: "proof of statements and offers made in settlement would often have to be made through the testimony of attorneys, leading to the risks and costs of disqualification." This is, of course, not the first time the NPA has sought to make Morton Grove's trial counsel a witness—the NPA's first deposition notice was issued to Morton Grove's lead trial counsel. This notice was ultimately only withdrawn after a partner-to-partner conference.

4

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 20th day of June 2008, I caused a copy of **Morton Grove Pharmaceuticals, Inc.'s Response to the National Pediculosis Association, Inc.'s Motion to Compel Production of Documents Related to Ecology Center Settlement** to be served on counsel of record via ECF electronic filing:

> Debbie L. Berman
> Amanda S. Amert
> Wade A. Thomson
> April A. Otterberg
> JENNER & BLOCK LLP
> 330 North Wabash Avenue
> Chicago, Illinois 60611
> T: (312) 222-9350
> F: (312) 527-0484

                              /s/ Cherish M. Keller

# EXHIBIT A

Case 4:08-cv-01384 Document 251-2 Filed 06/30/2008 Page 11 of 13

## O'Neil, William C.

**From:** O'Neil, William
**Sent:** Thursday, December 20, 2007 1:21 PM
**To:** 'Sipchen, James J.'
**Subject:** RE:

Agreed. Thanks, Jim.

-----Original Message-----
From: Sipchen, James J. [mailto:jsipchen@pretzel-stouffer.com]
Sent: Thursday, December 20, 2007 1:00 PM
To: O'Neil, William
Subject: RE:

Bill:

This is acceptable assuming of course that disclosure is also appropriate to our client's insurance carrier who will have to be apprised of your demand.

James J. Sipchen
Pretzel & Stouffer, Chartered
One South Wacker
Suite 2500
Chicago, Illinois 60606
(312) 346-1973 (general)
(312) 578-7422 (direct)
(312) 346-8242 (fax)
jsipchen@pretzel-stouffer.com (email)

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

-----Original Message-----
From: O'Neil, William [mailto:WOneil@winston.com]
Sent: Thursday, December 20, 2007 12:38 PM

1

To: Sipchen, James J.
Subject:

Jim:

Per my voicemail, I am working to provide you our proposal by close of business today. Before doing so, however, I would like your agreement not to disclose our proposal to the NPA, the Court, or to any third-party with the exception of your client. It would also not be admissible for any purpose and would have the traditional protections of Rule 408. Please reply with a confirmation that this is acceptable to you.

Regards,

Bill

William C. O'Neil
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
P: 312.558.5308
F: 312.558.5700
woneil@winston.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
**************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.